# THE SUPREME COURT

OF THE

## STATE OF ILLINOIS,

### APRIL TERM, 1857, AT OTTAWA.

18 245
31a 212

WILLIAM H. Ross *et al.*, Appellants, *v.* STEPHEN DERR *et al.*, Appellees.

#### APPEAL FROM COOK COUNTY COURT OF COMMON PLEAS.

The enforcement of a mechanic's lien is a chancery proceeding; and it is the duty of the party who complains of the verdict and decree to preserve the evidence in the record, by bill of exceptions, or by a certificate of the judge.

THIS decree was rendered by J. M. WILSON, Judge, of the Court of Common Pleas, at January term, 1857.

The opinion of the court gives a sufficient statement of the case.

BLACKWELL, THOMAS and ROBERTS, for Appellants.

GOODRICH, FARWELL and SCOVIL, for Appellees.

CATON, J. The complainants filed their petition in the court below, to enforce a mechanic's lien, upon which issues were formed, which were tried by a jury, who rendered a verdict for the complainants, upon which a decree was entered in the usual form. The record does not contain the evidence upon which the jury found 'their verdict; and it is now assigned for error, that the evidence does not' appear upon the record to sustain the verdict of the jury.

In *Kimball* v. *Cook*, 1 Gil. R. 423, this was decided to be a chancery proceeding, and to be governed by the rules of

practice and evidence by which courts of chancery are con-
trolled, except where those are changed by the act creating
the lien and authorizing the proceeding. That act does change
the rules of evidence or mode of taking the testimony, so far
as to authorize the parties to produce oral testimony upon the
trial at the bar ; thus making it correspond with the trial of a
common law case, at least in that particular. In the c ase of
*Kelly* v. *Chapman*, 13 Ill. R. 530, this precise question was
distinctly presented, fully considered and broadly decided by
this court. In that case we said, " The testimony was delivered
in open court before the jury, and from it the jury have passed
upon the issues submitted to them ; and when that is the case,
the evidence could only appear upon the record by bill of
exceptions or certificate of the judge, as in an ordinary jury
trial ; and it is the duty of the party who complains of the
verdict to preserve the evidence in the record, either by bill
of exceptions or a certificate of the judge, so that he might
show to this court that the verdict is not supported by the
evidence. This is the case, whether we regard the trial as in
an action at law, or a feigned issue out of chancery. The
verdict stands in place of the evidence. By it the facts are
formed upon which it is the duty of the court to pronounce
the judgment of the law." Thus the practice has been settled
by this court for at least five years, and to which all inferior
courts and the parties before them have been required to con-
form. As a mere question of practice, settled by the court of
last resort in the state, under which parties have acquired
rights, probably to a large amount, confidently, and with just
reason, relying upon the stability of the rule thus established,
we should be doing great injustice now to disturb it. By
reversing that decision, we should unsettle and probably destroy
the title to all real estate which has been acquired under decrees
in this class of cases during the whole time since that decision
was made. A court thus vascillating, upon questions of this
kind, would become a scourge, rather than a blessing, to the
community.

But were this a new question, now for the first time presented
to us, we should have no hesitation in deciding it in the same
way, even regarding it strictly as the trial of a feigned issue
out of chancery. In such a case, the practice is not for the
court of law which tries the issue to send up the evidence
adduced before the jury, unless required to do so by the chan-
cellor, either before or after the verdict is sent up. When the
order of the chancellor is silent on the subject, the court of
law sends up the verdict only. If a motion for a new trial is
made before the chancellor, the party complaining may inform
him what the evidence before the jury was, by affidavit, when

Ross et al. *v.* Derr et al.

the chancellor, if he thinks probable cause is thus shown for the new trial, will request the judge who presided at the trial at law to send up his notes of the testimony before the jury, or certify to him what that testimony was. Then that testimony becomes a part of the record, and the chancellor may either grant a new trial, or disregard the verdict if he thinks it wrong, and render a decree upon the evidence thus sent up. Unlike the English system, here the same court has both chancery and common law jurisdiction, and the same judge presides at the trial at law, who is to decide the chancery suit; and, in fact, in the same court, so that when a motion is made to him for a new trial, he is already advised of what the evidence was before the jury, and is prepared at once to sustain or overrule the motion, precisely as in cases at law; and the party complaining of the overruling of such a motion must take his bill of exceptions as in a case at law, or procure a certificate of the judge as to what the evidence was; so that it may become a part of the record, and thus enable the court understandingly to determine whether the verdict was right or not. Unless complained of and shown to be wrong, the verdict of the jury finding the facts upon the issues submitted to them, stands in place of the evidence from which the chancellor would be required to find the facts, but for the verdict. So, too, in case of a reference to a master. His report of the facts, which he finds to be established by the proofs, stands and is acted upon in place of the proofs themselves, and masters have been frequently censured for incumbering their reports with the evidence, unless a motion is made to set aside the report; because it is not supported by the proofs, when it is the duty of the master to certify up the evidence with the report.

We are well satisfied with our former decision, and are of opinion that the decree in this case must be affirmed.

*Decree affirmed.*