ROBERT MOORE, and PRESLEY P. HAMILTON, Plaintiffs in Error, *v.* JOHN BRACKEN, Defendant in Error.

### ERROR TO MARION.

It is erroneous to decree a sale of premises in thirty days, where there is not any redemption from the sale.

In chancery all matters, whether of discretion or of positive law, are subject to review in a superior court. A bill of review may also be filed in the same court to correct an error in the original decree.

Where the attorney of a party becomes the purchaser at a forced sale, he stands in the shoes of his client; and though the attorney designed to purchase for his own benefit, the client may claim the purchase for himself.

THE bill in this cause, filed in Marion Circuit Court, for review and general relief, states that the complainant Bracken is a non-resident.

That on the 27th of February, 1861, defendant Moore filed his petition for a mechanics' lien in said court, which states that on the 12th of October, 1860, said Bracken contracted with him (Moore) to pay him $377, if he would by the first of November, 1860, erect a house, of certain dimensions stated, one story high, or, if two stories high, to be paid for additional in proportion. Said $377 to be paid when the work was completed according to contract. The building to be erected on a piece of ground known as lots 91, 92, 69, and 70, in block 6, in Urial Mills' Addition to Salem, more fully described as follows, etc.; which real estate said Bracken purchased, and held a title bond for, from one Urial Mills.

That Moore, pursuant to said contract, did erect said house, and finish and deliver it to Bracken before the 1st of November, 1860.

That Moore did, in addition to said contract, at Bracken's request, make and deliver certain parts of work in and about said house over and above the original contract, which are set out in petition, which additional work amounted to $92, which amount Bracken, on the 5th of January, 1861, promised to pay.

That Bracken paid on said contract and extra work, at va-

rious times before said 5th of January, 1861, about $300, leaving, on said day, due on said contract and extra work, $169, and being so indebted, Bracken on said day promised to pay same, which he has failed to pay.

Prays that Bracken be made defendant; that summons issue; that he make answer; that on final hearing, plaintiff Moore be decreed to have a valid and subsisting mechanics' lien on said house and lot; that same be ordered to be sold for cash, the proceeds to be applied in payment of amount due plaintiff; and for further relief.

The bill then sets out the decree thereon, of March 27th, 1861, which states, that defendant Bracken made default to answer as ruled. That the suit being on an account, a jury was called to assess damages. That the jury assessed the same at $171.11. Decree—That defendant pay said $171.11 and costs in thirty days. In default of which, that James S. Martin, master in chancery, sell the premises in petition described, (the description is given at length as in petition,) at public auction to the highest and best bidder for cash, first advertising according to law. Sale to be at south door of court house in Salem. That master execute conveyance to the purchaser. Said sale to be for judgment of the damages and costs in the first place, the overplus to be paid to Bracken. That master report; and cause continued for report.

The bill then states, that on the 23rd of May, 1861, the master published a notice of sale, which notice is set out, and states, that pursuant to said decree, he (the master) would sell, on the 14th of June then next, lots 91, 92, 69 and 70, in block 6, in U. Mills' Addition to Salem, with the buildings thereon. Sale for cash. Purchaser to get deeds.

The bill states, that said master did, on said 14th June, 1861, sell said premises *en masse*, without offering to sell them separately. That defendant, P. P. Hamilton, one of the attorneys in said cause for said Moore, bought said four lots with the improvements, for $193.

That said house is on but one of said lots, and the said house is worth in cash, $800. That Bracken paid said Moore $300 for same, and about $200 to others for work and labor done and materials purchased.

That he (Bracken) did not appear and defend said suit, at March term, 1861, because that shortly before said term, it was understood and agreed between him, Moore and said Hamilton, that Moore should have a lien for balance on said contract, of $97. That Moore would give time to pay same, and not force sale for a reasonable time, on pretense of friendship, and assurances that no advantage would be taken. That

Bracken would save expense of attorney to defend him—otherwise he would have defended said suit.

That immediately after said sale, said Hamilton took forcible possession of said premises, evicted the tenant, and deprived Bracken of the use and rents thereof, worth from $4 to $10 per month.

The bill states errors in the record and decree in said original suit, as follows:

It does not appear what estate Bracken had in the premises ordered to be sold.

The judgment is for $171, while the pleading shows only $77 due on the contract.

The decree limits the time of payment to thirty days.

The decree orders sale of four lots without limitation, and accordingly the sale was *en masse.*

The premises were sold to the plaintiff's attorney in the cause, who knew all the errors in decree.

The bill prays, that Moore & Hamilton be parties; that summons issue; that they answer; that on final hearing the decree in said mechanics' lien suit be set aside; that the complainant Bracken be allowed to defend same; that Hamilton be decreed to pay rent for the time he held said premises, and be decreed to surrender possession to complainant; and for further relief.

Decree of August term, 1861, is set out, which shows that on the 19th of August, 1861, defendant Moore appeared, by defendant Hamilton, his attorney. That on the 30th of August, 1861, demurrer was argued and overruled in all particulars except that the bill herein be verified by oath or affidavit. Defendants except, and stand by their demurrer, which is still on file.

That on the 31st of August, in said August term, came complainant, by his solicitor, and amended his bill by attaching affidavit. Defendants ruled to answer, etc., to amended bill by 8 o'clock in the evening. That at 8 o'clock P. M. cause called. Defendants failed to answer, and bill taken for confessed by them. Court hears the cause on bill as confessed, and finds apparent error on the face of the decree on mechanics' lien in two particulars: In not giving longer time to pay the debt; and in ordering sale of all the premises when a part would have paid the debt and discharged the lien.

Decree that said decree on mechanics' lien be set aside; that the sale be set aside; that defendant Hamilton surrender the premises sold, which are described as in said bill for mechanics' lien. The parties consent that the said demurrer be considered as refiled to said amended bill—be overruled—

defendants stand thereby—and that the decree be considered as amended in these respects and join in error. The said appellants, Moore and Hamilton, assign for error in said decree as follows:

The court erred in overruling the demurrer to bill of review.

The court erred on bill of review in allowing the bill to be sworn to, after its filing and argument on demurrer.

The court erred in admitting bill of review to be sworn to on affidavit of attorney in the form filed. The bill should have been dismissed.

The court erred in assigning two insufficient reasons for error as the basis of its decree on bill of review.

The court erred in setting aside the original decree and sale.

The court erred in overlooking the fundamental principles regulating bills of review, to wit, error in original decree or newly discovered facts, not known on original hearing. After decree *pro confesso* in original suit, Bracken should not be allowed to defend on insufficient cause shown.

The court erred in overlooking and setting aside the sound discretion of the chancellor in original decree.

The court erred in making no provision for repayment of purchase money to Hamilton. It does not do equity, and has not decreed a resale.

The court erred in divesting Moore of his equity without making Bracken in equity respond to him by payment.

The court erred in not declaring to whom Hamilton should surrender his possession.

The decree makes no provision for costs.

P. P. HAMILTON, for self and Moore, Plaintiffs in Error.

E. BEECHER, for Defendant in Error.

CATON, C. J. We now decide directly, what we have on a former occasion intimated, that it was error to order a sale of the premises within thirty days after the decree, where, as in this case, there is no redemption from the sale. In most cases, upon judgments at law or decrees in chancery, the debtor is allowed twelve months within which to redeem after the sale, and his judgment creditor three months longer. In this particular case, and it may be the only case in this State, the law has made no provision for redemption, but the sale is absolute. It is discretionary in the court, no doubt, to fix the time for the sale, and were it in a proceeding at law, we might not have power to review the exercise of that discretion,

but in chancery, all matters, whether of discretion or positive law, are subject to review in a superior court. Or the party may file his bill of review to correct the error in the original decree, as was done in this case.

As the solicitor of the complainant in the original bill was the purchaser, there is no question about the intervening rights of third persons or innocent purchasers. When the attorney or solicitor of a party becomes the purchaser, he occupies the position ·of the party himself, and although he may design the purchase for himself, the client may claim it to his own use.

The Circuit Court properly overruled the demurrer to the bill of review, and the party standing by the demurrer, the decree was properly entered and must be affirmed.

*Decree affirmed.*