SIDNEY KIDDER, AND OSCAR B. KIDDER,
*v.*
FREDERICK AHOLTZ.

1. CLERICAL ERROR. Where there are several defendants, and this court can clearly see that the name of one defendant is used, by mistake, in place of that of another, in one of the recitals of the decree setting forth the evidence, the court will treat such mistake as a clerical error, and disregard it

2. PRACTICE — *under the lien law.* In proceedings under the lien law, the party complaining of the judgment or decree in the court below must preserve the evidence.

3.   SAME.   In proceedings under the lien law, the court generally may, if it see proper, direct the sale of the estate of all parties having an interest in the premises.   But the better practice is not to do so, if the objects of the statute can be attained by decreeing a sale of the interest of those parties only against whose interest the lien equitably attaches.

4.   SAME.   Where the person who contracted the debt which created the lien, sold to another, who reserved from the purchase-money an amount sufficient to pay the debt, the latter cannot complain of a decree making the debt a lien on his interest in the land.

WRIT OF ERROR to the Circuit Court of Macon county; the Hon. CHARLES EMERSON, Judge, presiding.

This was a petition to have established a mechanics' lien, filed by the defendant in error against the plaintiffs in error, at the July term, 1862, of the Circuit Court of Macon county. There was a decree in favor of the complainant against a portion of the defendants, to which they sued out a writ of error. The facts are stated in the opinion of the court.

Messrs. NELSON & ROBY, for the Plaintiffs in Error.

Mr. S. G. MALONE, for the Defendant in Error.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This was a petition for a mechanics' lien, filed by the defendant in error against the plaintiffs in error and others. It sets forth that the trustees of the Illinois Central Railroad sold, (without conveying) a certain tract of land to one Galloway; that Galloway sold to one Rea; that Rea sold to one McKinney; and that defendant in error, under a contract with McKinney, built a house upon the land.

McKinney does not answer. Rea answers, setting up that he bought the land of Galloway, and sold to McKinney, but that McKinney forfeited his contract to him, and he forfeited his own to Galloway, whereby the land reverted to the latter.

The Kidders answer, setting up a purchase from Galloway, and admitting nothing as to the building of the house by Aholtz for McKinney.

The trustees of the railroad answer, claiming the legal title.

Galloway answers, setting up the purchase of the land by himself from the trustees; the sale to Rea; the forfeiture of his contract by the latter; the resale of the land by himself to the Kidders, and the assignment of their notes to the trustees.

All the answers are unsworn, and disclaim all knowledge of the contract for the building of the house.

Aholtz filed a supplemental petition, alleging that when the Kidders bought of Galloway, they had notice of the petitioner's lien, and retained in their own hands $1,700, as indemnity against it, and that they still retain it. The Kidders answered, denying these allegations.

These are the pleadings, so far as they are material. A jury was waived, and the court heard the case and decreed that the petitioner have a lien on the premises as against the interest of defendants, McKinney and the Kidders, and that, in default of payment, their interest be sold, with privilege of redemption. The interests of the other defendants are not affected by the decree. The decree recites that "it appears, from the evidence, that the defendants, Sidney Kidder and Oscar B. Kidder, purchased the real estate described in the petition, and reserved and kept of the purchase-money from them due to *William Rea*, one of the defendants herein, in their hands, for the purpose of paying off the petitioner's lien for materials and labor in erecting the house and building, in the petition mentioned and described, a sum exceeding in amount the sum due to petitioner."

It is assigned for error, by the plaintiffs in error, S. and O. B. Kidder, who are the only parties complaining of the decree, that the finding of the decree that the Kidders "reserved of the purchase-money from them due to William Rea," is an essential variance from the allegation of the amended petition, that the reservation was made from purchase-money due Galloway. It is quite evident that the introduction in the decree of the name of the defendant Rea, instead of that of Galloway, is a mere clerical error. All the pleadings show that the Kidders purchased of Galloway. There is no controversy on that

point. The meaning of the decree, when read in connection with the supplemental petition and answers, is unmistakable.

It is also urged that the proof should be preserved in the record, in order to support the decree, and that it nowhere appears, by recital in the decree or otherwise, that the house was erected under the contract set out in the petition. But a contrary rule has been held in *Kelly* v. *Chapman*, 13 Ill. 530, as applicable to proceedings under the mechanics' lien law. It is there held that the party complaining of the verdict must preserve the evidence.

While the court has always held this proceeding to be in the main of a chancery character, yet the practice has never obtained of preserving the evidence in the record as a necessary support of the decree. The decision in *Kelly* v. *Chapman*, above quoted, is cited in *Ross* v. *Deer*, 18 Ill. 246, and its ruling again laid down in the same language. The court again say, that the party complaining of the verdict must preserve the evidence. It must be considered as the settled doctrine of the court that proceedings under the lien law are, in this respect, unlike other chancery proceedings. This statute, from its first enactment, authorized oral evidence, and the court in *Ross* v. *Deer*, referred to that as a common law mode of trial. When the law was passed authorizing oral testimony in ordinary chancery proceedings, the court required, as a general rule, that the facts as found by the master or court, or the evidence establishing the facts, should appear upon the record, in order to sustain the decree. This decision was first made in *White* v. *Morrison*, 11 Ill. 361, and has ever since been adhered to, except in certain statutory proceedings of a chancery character. In reference to the statute of liens, a different rule has been adopted in the two cases above cited, for the purpose of adhering to what was understood to have been an established practice, and of preventing the mischiefs which would have followed a decision holding such practice to have been illegal.

In the case at bar there was no jury, as in the cases cited, but the parties, by consent, submitted the issues to the court, and the evidence not being preserved in the record, we must

presume its finding to be correct. What that finding was, is manifest from the decree. That states the amount due the petitioners, and makes it a lien upon the interest of the Kidders and McKinney in the land. We must presume there was evidence offered that the debt accrued under the contract set out in the petition. In the case in 13 Ill., the jury simply found the amount due, and the court ordered the lien to attach. That is precisely what the court has found in this case — not, it is true, in so many words, for the decree is not very technically drawn, but in substance, inasmuch as it orders the payment to the petitioner of $996, and that in default thereof, the interest of the Kidders and McKinney be sold.

It is also assigned for error that the decree directs the sale of the *interest* of a part of the defendants, and does not define that of any of the parties. The objection is not well taken. It is true, in proceedings of this character, the court generally may, if it see proper, direct the sale of the estate of all parties having an interest in the premises. But it is under no obligation to do so, and the better practice is, not to do so, if the objects of the statute can be attained by decreeing a sale of the interest of those parties only, against whose interest the lien equitably attaches. In the case before us, if the petitioner is content to take a decree against the interest of the Kidders and McKinney only, they, at least, should not complain. McKinney contracted the debt, and his interest in the land has passed to the Kidders. He is not resisting the decree. The Kidders, in purchasing, reserved the money to discharge this identical lien, and it does not lie in their mouth to object that a decree for its payment should be made a lien upon the interest they have acquired in the land. Their relations to the railway trustees or to Galloway, the only persons besides themselves who have an interest in the land, are in nowise disturbed. The substance of the decree is, simply, that the Kidders have certain moneys in their hands which should be paid to Aholtz, and their estate in this land is ordered to be sold for its payment. The record shows that McKinney and Rea have no interest remain-

ing in the land, and no object was to be attained in ascertaining the respective interests of the trustees or of Galloway, because their rights are not affected.

*Decree affirmed.*