64    75
121   259

64    75
207   ¹309

# MARIA S. BOWMAN

*v.*

# JOHN B. BOWMAN.

1. DIVORCE—*presumption as to sufficiency of proofs.* Where the record in a suit for divorce failed to show that the evidence upon which the decree was based, was preserved, the judge's certificate not purporting to contain all the evidence, but the decree recited that the court heard evidence which satisfied him as to the truth of the bill: *Held,* that this court would presume that the court heard oral proof in addition to the master's report.

2. SAME—*preserving proofs in the record.* It is not necessary to preserve, in the record of a divorce suit, the proofs heard by the court on a decree *pro confesso.* It is enough that the court finds the allegations of the bill to be true when the contrary is not shown.

3. JURISDICTION *of defendant's person—finding of the court as to appearance.* Where a decree recited that the defendant, in her proper person entered her appearance, and there was nothing in the record to contradict this finding, it will be held that the defendant voluntarily acknowledged the jurisdiction of the court. The entry of appearance on the bill before it was filed will not be sufficient to overcome this finding of the court.

4. VACATING DECREE—*counter affidavits admissible.* On motion to vacate a decree of divorce on the ground that defendant had no knowledge

of the pendency of the suit, and never appeared or authorized her appearance to be entered: *Held*, that counter affidavits were properly received to contradict the affidavit of the defendant offered in support of the motion. Such proceedings are, to a great extent, governed by the rules in chancery cases.

5. SAME—*notice of motion.* For matters not appearing on the face of a decree, it should never be vacated without notice to the opposite party, who should be afforded an opportunity of resisting the same by showing the facts bearing upon the right.

6. SAME—*motion should be accompanied with answer.* Where a motion is made to set aside a default and a decree, the motion should be accompanied with the defendant's answer, and when the defendant makes such motion without tendering an answer, it is not error to overrule the same.

7. SAME—*setting aside default—discretion.* Where a bill has been taken as confessed, and a decree entered by default, it is a matter of sound discretion in the court to relieve the defendant from the consequences of the default. But the exercise of such discretion in chancery proceedings may be reviewed on appeal or error.

APPEAL from the Circuit Court of St. Clair county; the Hon. JOSEPH GILLESPIE, Judge, presiding.

On the 10th day of November, 1871, being the third Friday of the October term of the St. Clair circuit court, the appellee filed his bill for a divorce against the appellant, on the ground of extreme and repeated cruelty, and prayed, also, for the custody of the children, aged respectively 11, 13, 15 and 17 years. The following indorsements were on the bill:

"I have been shown the above bill, and authorize my solicitor, Robert F. Wingate, to enter my appearance in the above cause.

MARIA S. BOWMAN."

"EAST ST. LOUIS, Oct. 24, 1871.

I hereby waive process and enter my appearance in this cause, and pray an early adjudication of the case.

MARIA S. BOWMAN."

The special master reported the following testimony, taken November 11, 1871 :

John H. Wyatt testified that he had known the parties ten or twelve years ; have seen the defendant strike the complainant twice with a piano stool, in September, 1870; saw her draw a knife on him in April, 1871 ; she said she would cut his heart out; he said, "No, I reckon you wouldn't do that," and got up and left the house ; don't think the parties can live together; have heard defendant say repeatedly that she never would live with complainant; have seen defendant assault the complainant three times within the last two years ; never saw her draw a pistol on him, but she told me she had done so.

B. B. Wyatt testified that he had known the parties for the last three years; heard defendant say she had struck the complainant over the head with a piano stool ; complainant was often afraid to go home, and stayed away from the house for fear of being attacked ; know that there have been irreconcilable difficulties between the parties since the spring of 1868.

The special master recommended the granting of a divorce, and that reasonable alimony be allowed to defendant in accordance with the offer in the bill.

Upon this, a decree of divorce was rendered, which recited : "On the third Friday of the term comes the complainant, by C. W. & E. L. Thomas, his solicitors, and the defendant having, in her own person, entered her appearance in this suit, in writing, the court granted a rule on the defendant to answer the complainant's bill by next Saturday morning at 9 o'clock. On the third Saturday, the defendant having failed to answer the complainant's bill in compliance with the rule of the court, the said bill is taken as confessed by her, and this cause coming on to be heard, the court hears evidence to sustain the allegations of the said bill." The decree further found that the court was fully satisfied of the truth of said allegations ; that the parties were married as stated, and that defendant had, for more than two years past, been guilty of extreme and repeated

cruelty to the complainant. The court awarded to defendant alimony at $75 per month until November, 1878, and after that $100 per month so long as she should remain single and unmarried, and made the same a lien on certain real estate.

On the eighth Friday of the same term, the defendant below, by her counsel, moved the court to vacate the decree, and filèd her affidavit in support of the motion, that she was not aware of any such suit pending against her; that the first knowledge of such proceeding was the announcement several weeks after the divorce was granted; that she was now divorced from complainant, and that he had obtained said divorce from her on the ground of cruelty; that more than ten days previous to the October term, 1871, of the St. Clair circuit court, she had filed her bill of divorce against said John B. Bowman, charging extreme and repeated cruelty, and adultery, and that this bill was dismissed without her knowledge; that she was threatened with death by her said husband unless she would withdraw said case from George W. Davis, her solicitor, who had commenced said suit for her, and would employ such lawyer as he should propose; that afterwards, complainant sent a man by the name of Wyatt, who took affiant over the river to R. F. Wingate, in St. Louis, Mo., who was engaged for her, and thereupon, afterwards, at the house of complainant, by fraud and compulsion, she was required to sign some papers of which she did not know the import, and that she did not know what they were until after the divorce was granted; that her suit against John B. Bowman for divorce was dismissed without her knowledge or authority, or that of her solicitor, George W. Davis, and that she signed said papers through fear of her life; that the charges in the bill, filed by complainant against her, are false and malicious, and that she is ready and able to disprove each and every such charge in said bill; but that, on the contrary, said John B. Bowman has been guilty of extreme and repeated cruelty towards her, and that he has been guilty of adultery with divers persons, and keeps company with lewd women; that

she can prove said charges if this decree is set aside; that the divorce granted in this cause was granted without her knowledge; that it is a fraud and a wrong against her. She therefore prays that said decree and default be set aside and she be allowed to present her defense to said suit.

Counter affidavits of Robert F. Wingate, Benjamin B. Wyatt and James H. Wyatt were filed on the hearing of the motion, contradicting the charge that the defendant did not know of the pendency of the suit and the rendition of the decree therein.

The court refused to open the decree, and the defendant appealed to this court.

Messrs. HAY & KNISPEL, and Messrs. G. & G. A. KŒRNER, for the appellant.

Messrs. C. W. & E. L. THOMAS, and Mr. W. H. UNDERWOOD, for the appellee.

Mr. JUSTICE THORNTON delivered the opinion of the Court:

The objection urged to the decree for a divorce, that it is not warranted by the evidence, we can not consider.

The record does not show that the evidence, upon which the decree was based, is preserved. The certificate of the judge does not purport to contain the evidence, but the decree recites that the bill was taken for confessed, and that the court heard evidence to sustain its allegations, and that he was fully satisfied of their truth.

We must, therefore, presume that the court heard oral proof in addition to the report of the master; and it has never been held necessary that this proof should be preserved in the record. It is enough that the court finds as is recited in the decree when the contrary is not shown. *Shillinger* v. *Shillinger*, 14 Ill. 147; *Davis* v. *Davis*, 30 Ill. 180; *Hawes* v. *Hawes*, 33 Ill. 286.

We think that the decree determines that the defendant was in court. It says that she, in her proper person, entered

her appearance. Previous to its rendition, there is nothing in the record to contradict this finding. It is true, that it appears the defendant, as well as her attorney, indorsed upon the bill before it was filed, according to the dates, an entry of appearance. This can not destroy the solemn finding of the court that she, in her own person, entered her appearance. Upon this record, the conclusion must be that she voluntarily acknowledged the jurisdiction of the court.

After the rendition of the decree, the defendant made a motion to vacate it, and filed an affidavit in support thereof, but did not accompany it with any answer. Upon the hearing of the motion, counter affidavits were also filed.

In the discussion of the motion, it is only necessary to refer to so much of the affidavit of the defendant as states that she did not know of the pendency of the suit until several weeks after the decree. The statements as to her suit against the complainant, and that she was compelled, without a knowledge of their import, to sign some papers, are not relevant to the motion.

The complainant had the right to maintain his suit, with or without her consent, and whether her bill was pending or had been dismissed ; and the papers are merely designated as "some papers," but are not, in any manner, defined, so that we can decide that they had any reference to the pending suit.

Besides the finding in the decree, the counter affidavits show most conclusively that the defendant did enter her appearance ; that she had full information as to the pendency and object of the suit ; that no collusion was practiced upon, and no misrepresentation made to, her ; that she was present in court before the rendition of the decree, had a conversation with the judge, and said that the proceedings were satisfactory to her ; and that a month after the decree had been rendered, she procured a copy of it, received one month's alimony, and expressed satisfaction at the result of the litigation.

Upon such facts, if they were proper for consideration, there was certainly no error in the refusal to vacate the decree.

The argument is, however, made, that the motion should have been allowed upon the affidavit of the defendant alone, and that the counter affidavits should have been wholly disregarded.

A bill for a divorce partakes so much of the nature of a proceeding in chancery, that it must be governed, to a great extent, by the rules in chancery cases.

When a bill has been taken *pro confesso*, and a decree entered by default, it rests in the sound discretion of the court to relieve the party of the consequences of the default. *Wooster et al.* v. *Woodhull*, 1 Johns. Chy. 538.

This court has the right to review the exercise of such discretion in chancery proceedings. In *Moore* v. *Bracken*, 27 Ill. 23, it is said that in chancery all matters, whether of discretion or positive law, are subject to review in a superior court.

When the motion was made, the court below, as was its right and duty, entered a rule upon the complainant to show cause why the rule should not be granted.

For matters not appearing upon the face of the decree, it should never be vacated without notice. In this case, the decree had been rendered, and acted under by the defendant, and the complainant must be regarded as out of court so far as the particular motion was concerned.

Wherefore the necessity of notice, if the party to whom it is given must sit idly by and have his decree vacated without the power of resistance? If such be the rule, the notice is a delusion, and the solemn decrees of the court can easily be overturned.

Courts could not exercise a sound discretion without the right to have all the facts, bearing upon the motion, before them for consideration.

The propriety of counter affidavits is expressly recognized in *Truett* v. *Wainwright*, 4 Gilm. 418, and in *Reed* v. *Curry*, 35 Ill. 536.

6—64TH ILL.

In the last case, the judgment was attacked, principally, because, as alleged, the suit was brought without the authority of the plaintiff; and the court remarked that it was a good practice to allow a counter affidavit.

We think it was proper to consider the affidavits in behalf of both parties, and that the answer should have been prepared and submitted with the motion. *Schneider* v. *Seibert,* 50 Ill. 285.

We can perceive no sufficient reason for the vacation of the decree. An affirmance of it will best subserve the ends of justice and close this unfriendly litigation.

The decree of the court below is affirmed.

<div align="right">

*Decree affirmed.*