# JOHN P. LEWIS *et al.*

## *v.*

## ALONZO ROSE.

1. MECHANIC'S LIEN—*decree presumed to be correct where the evidence is not preserved.* It devolves upon the party complaining of the judgment or decree in proceedings to enforce a mechanic's lien, to preserve the evidence, and if the evidence is not preserved, the findings of the court will be presumed to be correct.

2. SAME—*purchaser under a special execution against land acquires the title as against parties before the court.* Where a petition to enforce a mechanic's lien, states that the labor was performed for one who was the equit-able owner of the lot, though the legal title was in another, and both are made defendants, and the court, after hearing evidence as to the title, renders judgment against the party for whom the labor was performed, and orders that, in default of payment thereof by him or the owner of the legal title, a special execution issue against the land, and that the same be sold, the purchaser at the sale under such execution will acquire the legal title.

APPEAL from the Circuit Court of Jo Daviess county; the Hon. WILLIAM BROWN, Judge, presiding.

Mr. M. Y. JOHNSON, for the appellants.

Messrs. D. & T. J. SHEEAN, for the appellee.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an action of ejectment, brought by the plaintiffs, to recover possession of lot 8, block 2, in the city of Dunleith. The court, before whom a trial was had by agreement, without a jury, found the issues in favor of the defendant, and the plaintiffs appealed. Both parties claim title from a common source, the plaintiffs under *mesne* conveyances from Simon E. Lewis, while the defendant claims title under a judgment in the circuit court of Jo Daviess county, in the case of Wm. G. Melville against Taylor S. Graham and Simeon E. Lewis, petition to enforce a mechanic's lien, rendered at the May term, 1858. If the judgment and sale were sufficient to divest the title of Lewis in the premises, then it is clear plaintiffs failed to establish title, and the judgment of the court was correct. It will therefore only be necessary to inquire into the legality of the proceedings in so far as they related to the title of Lewis in the premises, as the decision of that question will necessarily settle the controversy in the case.

In the petition to enforce a mechanic's lien, it was averred that Graham, for whom the building was erected, assumed to be the owner of the lot, and acted as such, and in fact was, in right and equity, owner thereof, but that the legal title to the lot was vested in Simeon E. Lewis. Graham and Lewis were made parties defendant to the petition, and required to answer the same. They appeared and filed separate answers.

Lewis, in his answer, set up that Graham had no title, either legal or equitable, to the lot, and that, in equity, he was the owner thereof.

Graham, in his answer, stated that he was neither legal nor equitable owner of the title, but merely had possession of the premises from Lewis.

To these answers replications were filed, and at the March term of the circuit court, 1858, a trial of the cause was had before a jury, which resulted in a verdict in favor of the plaintiff in the action, for $1120.25. The court did not, on the return of the verdict, render judgment thereon, but continued

the cause for the purpose of hearing proof as to the interest of the defendants in the premises, and at the following May term a final judgment was rendered, which was as follows:

" WILLIAM G. MELVILLE
> *v.*
> TAYLOR S. GRAHAM and
> SIMEON E. LEWIS.

*Petition for mechanic's lien.*

This cause having been tried at the last term of this court by a jury, who found a verdict for the plaintiff, against the said defendant Graham, for the sum of $1120.25, and the said cause having been continued to this term, and the court having heard further testimony as to the interest of said parties in said lot in said petition described, it is ordered by the court that judgment be entered upon the verdict of the jury herein, and that said plaintiff have and recover of and from the said defendant Taylor S. Graham the said sum of $1120.25 so as aforesaid assessed by the jury, together with his costs in that behalf expended. It is further ordered by the court that, in case said defendant Graham or Lewis fails to pay the said judgment and costs within thirty days from this date, a special writ of execution shall issue against the lot of land described in the said petition, to-wit: lot eight (8) in block number two (2) in the town of Dunleith, in the county of Jo Daviess, in the State of Illinois, and that the said lot and house thereon be sold by the sheriff, and that the sheriff have the moneys received from said sale in this court at the next term thereof, to await the further order of this court as to the distribution thereof, and that this cause be continued to the next term of this court."

Upon this judgment a special execution was issued directing the sheriff to sell the lot named in the judgment, and a sale of the lot was made, reported to the court, and confirmed. But it is said the judgment was against Graham, and the sale could pass no title except what he had, and as the court failed to find Graham was possessed of the title, the sale did not transfer the title of the premises to the purchaser. It is true the judgment was against Graham, and could be against none other, as he alone incurred the indebtedness, but Lewis was a

party to the proceeding, and whatever interest he had in the premises might, upon a proper showing, be subjected to the lien of the mechanic, and pass by the sale. The lien provided for by the statute was against the land upon which the labor was expended, and the materials furnished in the erection of the building.

As was held in *Steigleman* v. *McBride*, 17 Ill. 300, the lien created by the law is not against the specific thing furnished, nor necessarily against the interest alone, in the land of the party for whom they are furnished, but against the land, and should be satisfied out of the same in any manner consistent with the statute and the principles of equity.

What evidence the court heard which produced conviction upon the mind of the court that the title, whatever it was, resting in Lewis, was held subordinate to the lien of the mechanic, we have no means of knowing. The judgment does not recite that evidence, nor was it essential that it should, as has often been held by this court in cases of this character. *Kelly* v. *Chapman*, 13 Ill. 530; *Ross* v. *Derr*, 18 Ill. 245; *Kidder* v. *Aholtz*, 36 Ill. 478.

In proceedings under the Lien Law, it devolves upon the party complaining of the judgment or decree in the court below to preserve the evidence, and, as was said in the last case cited, the evidence not being preserved in the record, we must presume its findings to be correct. It is, however, manifest, from the language of the judgment, that the court heard evidence as to the title, and not only intended, but actually did order the sale of the entire interest of each of the defendants in the lien proceedings. It declares that, if defendant Graham or Lewis fails to pay the judgment and costs within a specified time, then the lot shall be sold. This language leaves no ground for the position that the interest of Graham alone was to be sold. It directs a sale of the lot, and is conclusive upon Lewis and those claiming under him. If Lewis was not satisfied with the decree, we are aware of no manner in which he could avoid its effect upon him, except by appeal or writ of error. It is, however, contended that importance should

be given to the return of the sheriff, that he sold the interest of Graham in the lot. The return of the sheriff can not overcome the fact that the judgment of the court directed the lot to be sold, and the lot was actually sold. But conceding that the sheriff sold only the interest of Graham in the premises, it by no means follows that the title to the property was left in Lewis.

As has been said, the proof upon which the court ordered the lot sold is not before us, and we will presume it was sufficient to fully justify the judgment. It may be that the court found, from the evidence, that Lewis had no title in the premises, and, as is alleged in the petition, that Graham was in fact the owner thereof. If the court so found, from the evidence, then a sale of Graham's interest would be sufficient to pass the title to the property.

The facts in this case do not justify us to indulge in nice distinctions, for the purpose of defeating a title to property honestly and fairly acquired by virtue of a sale under judicial process; nor do we perceive any ground for the position that this sale was impaired by the sale of the property upon two other executions, which were not against Lewis.

After a careful consideration of the whole record, we are satisfied the decision of the circuit court was correct, and it will be affirmed.

*Judgment affirmed.*

Mr. Justice Dickey: Both parties claim title under Lewis; the plaintiff, by deed from Lewis, the defendant, by sheriff's deed, founded upon an order of sale in mechanic's lien proceedings. The order of sale is, no doubt, adequate to authorize the sale of the interest of Lewis, but the return of the sheriff and the sheriff's deed both show that the interest of Graham alone was in fact sold. This, of course, shows no conveyance of the interest of Lewis. It is suggested that, as the evidence in the proceedings for a mechanic's lien is not preserved, the court, in that case, may have found that Graham had the legal title, in some way, from Lewis. This pre-

sumption can not properly be indulged, when there is no allegation in the petition, or elsewhere in the record, that Lewis ever parted with his title, save by this sheriff's deed. The defendant fails to show legal title in Graham, and there-fore takes nothing save an equity by sheriff's deed, conveying his interest in the land. In ejectment, the legal, not the equitable, title prevails.