## DAVID T. BONNELL
## v.
## DAVID B. LEWIS.

| 3 | 283 |
| 56 | 313 |
| 3 | 283 |
| 76 | 608 |
| 3 | 283 |
| 95 | 1429 |

1. PRACTICE IN CHANCERY—FACTS MUST APPEAR IN THE RECORD.—It is the established doctrine in this State that the evidence or the facts on which the decree is based must appear somewhere in the record. It is not essential that they should be embodied in the decree. If they are already a part of the record in the cause, by being contained in the Master's report, or in depositions taken as the law requires, or in exhibits, or are made a part of the record by a certificate of evidence, it is sufficient. If not thus preserved, they must appear upon the face of the decree.

2. EXCEPTIONS TO THE RULE.—Proceedings for mechanic's lien are an exception to the general rule above stated. So, also, where the decree is based upon the verdict of a jury in an issue out of chancery, the evidence heard by the jury need not be preserved in the record. But if in such case the court should enter up a decree contrary to the verdict, such decree must be sustained by evidence contained in the record.

ERROR to the Circuit Court of Jersey county; the Hon. CYRUS EPLER, Judge, presiding.

Mr. JAMES H. ENGLISH, for plaintiff in error.

BAKER, J. The bill filed in this cause was for an injunction, and to redeem lands sold on execution.

In the record there is no certificate of the evidence, or bill of exceptions, or master's report, or finding in the decree of any of the specific facts necessary to sustain the decree. With

the record, but not properly a part thereof, we find a number of loose *ex-parte* affidavits that appear to have been presented to the Judge in vacation, at chambers, upon a motion to dissolve the injunction; but these affidavits were not, unless by agreement of parties, admissible in evidence on the final hearing. No such agreement is shown, nor is there anything whatever in the record tending even to show that they were used on the hearing.

It is the established doctrine in this state that the evidence or the facts on which the decree is based, must appear somewhere in the record, but they do not appear in this, unless we are prepared to hold that the statement in the decree that the cause come on to be heard on the bill, answer, replication, and proofs, and that the court, having heard the evidence, found that the said bill, and each and every allegation thereof was true, is a sufficient finding of the facts to sustain the decree.

Under the old English chancery practice, the decree not only recited the evidence as the facts upon which it was based, but contained recitals of the pleadings in the cause. Where a decree was rendered which did not recite the facts upon which it was founded, or which the court considered as proved, it was error apparent on the face of the decree. Brend v. Brend, 1 Vernon's Ch. Rep. 213; Bonham v. Newcomb, Idem, 215; 2 Daniell's Chy. Pl. and Pr. 10, 20, and notes; Burdine v. Shelton, 10 Yerg. 41.

In 1st Harrison's Ch. Pr. 108, it is said that the facts which were proved and allowed, viz: alleged by the court to be proved, must be particularly mentioned in the decree.

In Broad v. Broad, 2 Ch. Ca. 161, Lord North declared and was clearly of opinion that it was not enough to say "on reading the proofs it is decreed, but on reading the proofs it appeared thus and thus, and it is therefore decreed."

In the United States the decrees are usually general, and contain a mere reference to the pleadings, and for the purpose of examining all errors of law the pleadings, exhibits, depositions regularly taken and on file in the cause, and master's report, are as much a part of the record before the court as the decree itself.

And such is the doctrine in this State.    In England, and for the purposes of a bill of review, that which was not in the decree was not considered a part of the record, and therefore in all cases the facts were required to be set forth in the decree itself.    But with us it is otherwise; here it is not absolutely essential that the facts should be embodied in the decree.    If the facts necessary to support the decree are already a part of the record in the cause, by reason of being contained in the master's report, or in depositions taken as the law requires and on file in the cause, or in exhibits, or are made a part of the record by the certificate of the judge or a bill of exceptions, then they may be omitted from the decree, and the decree yet be not erroneous.    Even in such case it is much the safer and better practice to incorporate them in the decree.

If the specific and essential facts, or evidence thereof, upon which the decree is predicated, are not otherwise preserved, then they must necessarily appear upon the face of the decree. It is a *sine qua non* that the facts are in the record.

We would refer to Moore v. School Trustees, 19 Ill. 88; Wilhite v. Pearce, 47 Ill. 413; Durham v. Mulkey, 59 Ill. 91; Ward v. Owens, 12 Ill. 283; Nichols v. Thornton, 16 Ill. 113.

Upon a writ of error in a chancery cause, the court will not presume that any evidence was given in the court below, except what appears in the record.    The testimony of the witnesses or the facts proved by them must appear in the record.    Reddick v. State Bank, 27 Ill. 148; White v. Morrison, 11 Ill. 361; Osborn v. Horine, 17 Ill. 92; Stacy v. Randall, 17 Ill. 467.

There are some exceptions to the general rule.    A bill taken for confessed is not an exception, for there the bill itself is evidence of the facts well alleged therein, and it is a part of the record.

But a contrary rule is held applicable to proceedings under the mechanics' lien law, and in this respect they are unlike other chancery proceedings.    In such cases the practice has never obtained in this State of preserving the evidence in the record as a necessary support of the decree.    Kelly v. Chapman, 13 Ill. 530; Ross v. Derr, 18 Ill. 245; Kidder v. Aholtz, 36 Ill. 478: Lewis v. Rose, 82 Ill. 574.

So, also, if an issue out of chancery is submitted to a jury, and the decree of the court is based upon the verdict of the jury, it is not requisite that the evidence should be preserved; but if in such case the court enters up a decree contrary to the verdict, such decree must be sustained by evidence contained in the record. Thatcher v. Thatcher, 17 Ill. 63; Becker v. Becker, 79 Ill. 533; Shillinger v. Shillinger, 14 Ill. 147; Wheeler v. Wheeler, 18 Ill. 39; Davis v. Davis, 30 Ill. 180; Hawes v. Hawes, 33 Ill. 286; Bowman v. Bowman, 64 Ill. 75; all, or most of which, are referred to by appellee in his brief, were without exception decrees entered *pro confesso* on bills for divorce, and that evidence was required to be heard at all was owing to a statutory requirement. It is not necessary to preserve in the record of a divorce suit the proofs heard by the court on a decree *pro confesso*. In Shillinger v. Shillinger, *supra*, which is the leading case of this character, and which construes the statute requiring proofs in such case, the court says: "It is not necessary that the evidence upon which the court acts should be preserved in the record; but it will be sufficient if the record shows that the court heard evidence and found the allegations of the bill to be true." In Davis v. Davis, *supra*, it was expressly shown in the decree that the court heard proof and was "satisfied of the truth of the allegations as in the said complainant's bill alleged and set forth," and the court disposed of the matter by saying: "This complied with the law—it is not necessary that the proof should appear in the record." The other cases cited are to the same effect, and show that a general finding, in so many words, that the allegations of the bill are true, is not regarded as a compliance with the requirement in ordinary chancery causes that the facts or the evidence must be preserved in the record; but that such divorce proceedings, like proceedings under the mechanics' lien law, are considered exceptions to the general rule.

And such has uniformly been the understanding and the practice of the bar, and it is difficult to see why any safe and prudent practitioner, if a statement in the decree that the court found from the evidence each and every allegation of the bill to be true is sufficient, should draw up his decree by setting

Bonnell v. Lewis.

forth in detail the facts found, and thereby jeopardize the rights and interests of his client by a possible omission of that which might be regarded by the appellate court as a material fact. We are wholly unable to perceive any material difference between finding all the allegations of a bill to be true, and finding each and every allegation of a bill to be true.

The practice contended for, would be loose and unsatisfactory; it would be impossible to know with any certainty upon what grounds the court founded its decree, and such practice might be conducive to fraud and oppression.

The statement in this decree is not a statement either of the evidence or of the facts proved, but it is a mere statement of the conclusion of the court from the evidence or from the facts proven.

We are of the opinion, therefore, that both the errors are well assigned, and that the Circuit Court erred both in finding the issues for the defendant in error, and in rendering a decree in his favor; for there is nothing whatever in this record to justify such finding or upon which to base such decree.

The decree is reversed and the cause remanded.

Reversed and remanded.

ALLEN, J.    I dissent from the opinion of a majority of the court in this case.    The court finds from the evidence each and every allegation of the bill to be true.    The bill is a part of the record, and the court finds each allegation supported by the evidence.    Would it be any stronger if each allegation of the bill was specifically mentioned, and a special finding as to that specific amount?    This, it is admitted, would be a sufficient finding, and I do not believe that the decree in this cause should be reversed because it does not thus specifically find.    This finding is not a general finding by the judge, but a finding on each and every allegation in the bill, and for this reason, I cannot concur with a majority of the court.