Reversed and remanded.

## EHRHARD D. FRANZ ET AL.

### v.

## KILLIAN WINNE.

PRACTICE—SETTING ASIDE DEFAULT.—A motion to set aside a default is
addressed to the discretion of the court, and will not be reviewed by an appel-
late court unless it appear that such discretion has been abused; but where
it appears that defendant's counsel were busy in preparing an answer at the
time of default taken, but could not complete it by reason of the absence of
one of the principal defendants, who was sick, and the answer discloses
a meritorious defense, the motion to set aside the default should have been
granted.

APPEAL from the Circuit Court of Randolph county; the
Hon. AMOS WATTS, Judge, presiding.    Opinion filed April 2,
1880.

Mr. SILAS L. BRYAN, Mr. A. G. GORDON and Messrs. PATTON
& LANPHIER, for appellants; that the default should have been
set aside, cited Rev. Stat. 1874, Chap. 22, § 17; Mason v. McNa-
mara, 57 Ill. 274; Union Hide & Leather Co. v. Woodley, 75
Ill. 435; Moore v. Bracken, 27 Ill. 23.

This court may review the action of the court below in refu-
sing the motion: Bowman v. Bowman, 64 Ill. 75; Brown v.
Brown, 59 Ill. 315.

As to setting aside default where there is constructive ser-

Franz v. Winne.

vice: Lyon v. Robbins, 46 Ill. 276; Hogden v. Guttery, 58 Ill. 431.

The purchaser of a mortgage takes it subject, in equity, to all infirmities to which it is liable in the hands of the assignor: Olds v. Cummings, 31 Ill. 189; Fortier v. Darst, 31 Ill. 212; Sumner v. Waugh, 56 Ill. 531.

Mr. J. Blackburn Jones, for appellee; against the motion to set aside the default, cited Fergus v. Garden City Mfg. Co. 71 Ill. 51; Peoria & R. I. R. R. Co. v. Mitchell, 74 Ill. 394; Union Hide Leather Co. v. Woodley, 75 Ill. 435; Constantine v. Wells, 83 Ill. 192; Edwards v. McKay, 73 Ill. 570.

The discretion exercised by the court below cannot be inquired into by this court: Powell v. Clement, 78. Ill. 20; Garner v. Crenshaw, 1 Scam. 143; Wallace v. Jerome, 1 Scam. 524; Woodruff v. Tyler, 5 Gilm. 457; Cox v. Brackett, 41 Ill. 222; Mitchell v. Chicago, 40 Ill. 174.

Casey, J.    This was a bill in chancery to foreclose a mortgage filed by appellee in the Randolph Circuit Court, on the fourth day of December, A. D. 1878, against appellants and others.    The first error assigned, is that the court erred in not giving defendant further time to answer.    The fourth error assigned, is that the court erred in not setting aside the default. A disposal of these errors disposes of the whole case.    To properly understand the points made, it will be necessary to state the record in detail, to a considerable extent.    The bill alleges that Emil Berger, on the 6th of May, A. D. 1875, was indebted to one William Gorger in the sum of $12,000; that on the same day he made and delivered to the said Gorger two promisory notes, for the sum of $6,000 each, payable in three and five years, respectively, with interest at the rate of eight per cent. per annum; that on the same day the said Berger and Christine Berger, his wife, executed, acknowledged and delivered to the said Gorger a deed and mortgage on a large amount of real estate therein described; that the mortgage was recorded on the first day of June, A. D. 1875; that on the 10th of October , A. D. 1875, the said Gorger sold and transferred

the notes and mortgage to one J. W. Kennedy; that on the 5th day of January, A. D. 1876, the said Kennedy sold and transferred the said notes and mortgage to the complainant, and that the complainant was the owner of both of said notes and mortgage; that one of said notes is long since due, and that by the terms and conditions of the mortgage the same may be foreclosed; and avers that the mortgage and first of said notes is now brought into court. Then follows the prayer of the bill; that Emil Berger and his wife Christine Berger be made party defendants, and required to answer, etc. Their answer under oath is not waived. After this conclusion as to the Bergers, the bill shows that Ehrhard D. Franz, Herman Fay, William Dutzell (appellants) and one Nasse, " pretend to have some right or claim upon a part of said property described in the said mortgage, but just how much or what part of said property complainant is not advised; that the said Nasse by virtue of a pretended deed of trust, had sold all or a part of said real estate; that Ehrhard D. Franz was the purchaser, and that said Nasse as trustee had by deed conveyed said premises to the said Franz, and that the said Franz through his agent, Albert Wilson, is about to rent or sell said property, or a part thereof."

" That A. G. Gordon is the Attorney of the said Franz. That if the said parties have any claim to said property, it is subject to the claim and lien of complainant's mortgage and subsequent thereto," and then follows this statement. " Your complainant hereby makes the said Ehrhard D. Franz, William Dutzel, Albert Wilson and A. G. Gordon, *defendants in this part of the bill.*" And also an additional prayer, " that the said trustee's deed may be set aside and that the said Ehrhard D. Franz and Albert Wilson, be restrained from taking possession, renting, selling or interfering with said property," etc. etc. This bill is signed by the complainant and sworn to by George T. Rim. Then follows a statement that one Herman Fay and his wife had by a deed of trust, conveyed part of the lands, " but just what portion complainant is not advised " to one "——Nasse as trustee; that the said——Nasse as trustee on the 15th day of Oct. 1878, will sell some portion of the lands," as is al-

leged " described in exhibit B, which is herewith filed and made part of this bill." There is no such exhibit B in the record. The bill then alleges that " if the said Ehrhard D. Franz, William Dutzel and Herman Fay have any claim at all on said property it is subject to the claim of your complainant," and that a sale of said premises " would cloud and impair the value of complainant's security," and that " as they now are, complainant can use said notes and mortgage as collateral security and then borrow money whenever his business requires it." Following is an additional prayer to the bill, " that Ehrhardt D. Franz and William Dutzel may also be made party defendants," etc.; their answer under oath being waived, and also praying for an injunction restraining the said Ehrhardt D. Franz and William Dutzel from disposing of any of said real estate. Then follows another prayer for an accounting and foreclosure, and that " the said injunction be made perpetual," etc.

There is nothing in the record to show that the bill was amended. And the record is so carelessly prepared that it is difficult to understand. The clerk may not be advised as to his duties in the premises, and counsel for appellants should file a præcipe, directing the formation of the record. The præcipe becomes a part of the record. The abstract filed by appellant's counsel is not a compliance with the rule of the court. It is not an abstract, but an imperfect index. No objection was made to it by counsel for appellee, and in view of the importance of the case we conclude to examine the record. There was service by summons on all the defendants except Ehrhardt D. Franz and Herman Fay. A writ of injunction was issued on the 4th of December, 1878, and served on all the defendants, except Franz and Fay.

At the March term of the Circuit Court, to wit: on the 18th day of March, A. D. 1879, the record shows proof of service; "service by publication, as to Emil Berger, Christine Berger, Ehrhard D. Franz, Herman Fay, William Dutzell, August Nasse and Albert Wilson, and the appearance of E. D. Franz is entered by A. G. Gordon, his attorney, and ruled to answer by first Thursday; and now on Thursday, March 20th, default is entered for want of answer as to all defendants; and

now on this same day motion is made to set aside the default as to all the defendants except Emil Berger and Christine Berger; which motion is refused, and defendants except thereto, at the time; and it appearing to the court here from the writ issued therein to the Sheriff of Randolph county, and the return thereon, that the defendants, Emil Berger, and Christine Berger, had been regularly served with process herein at least ten days prior to the first day of this term of court, and it further appearing, that the said defendants, Ehrhard D. Franz, Herman Fay, William Dutzel, August Nasse and Albert D. Wilson, had entered their appearance in writing in said cause on the 4th day of January, A. D. 1879." Then follows a decree of foreclosure on one of the notes; one only being introduced in evidence. The motion to set aside the default is accompanied by the answer, which is material, and shows that the notes and mortgage referred to in complainant's bill have, by the United States Circuit Court for the Southern District of Illinois, been declared fraudulent and void; that the lands there described were sold by the marshal of the said United States Circuit Court, by virtue of an execution issued on a judgment in that court against the said Emil Berger; that they were bought by one Caspar Koeler, who upon receiving a deed, conveyed the same to Herman Fay, and that Fay by deed of trust conveyed the lands to August Nasse, for the benefit of Ehrhard D. Franz and William Dutzel; that the said Nasse as trustee had sold the lands to the said Franz.

The record shows that on the fourth day of the term appellant's counsel informed the counsel for appellee that the answer was not complete. That appellee's counsel insisted on a default, while appellant's counsel were insisting upon further time to answer. The court allowed the default to be entered, remarking at the time " that after the default a motion to set aside could be entered if there should be a meritorious defense, and the same would be considered." Exceptions to the ruling of the court were taken. In support of the motion to set aside default the affidavit of A. G. Gordon was read in evidence —in substance, that S. L. Bryan and himself were the attorneys for the appellants; that they had no opportunity to consult

Franz v. Winne.

until the meeting of the court; that the delay in answering was caused by the absence of defendant, E. D. Franz, who was chiefly interested in the defense; that Franz lives near St. Louis, in the State of Missouri; that he had arranged to be present on the 17th instant; that on the 18th he received a telegram from Messrs. Fink & Reasse, of St. Louis, saying that Franz was sick and could not come; that affiant telegraphed to Dutzell, who came by the next train; that he and his colleague, Bryan, had worked from seven P. M. until eleven o'clock P. M. the night before to get said answer ready, and that he had been working at it before the meeting of the court on that morning, and had it almost complete; that a large amount of valuable property was involved; that the presence of Franz, who was sick and unable to be there, was necessary to properly prepare the answer; that the defendants have a just and meritorious defense.

In further support of said motion, the affidavit of William Dutzell was read; that he came at once on receiving the telegram of Gordon; that Franz knew more of the case, and that he was informed that he would be there, but that he is sick near St. Louis, in Missouri, and unable to come; that they have used all the diligence they could; that they do not desire to delay the case; that they only want a fair hearing, and will try the case during this term of court; also the telegram from Messrs. Fink and Nasse, showing the sickness of Franz.  Also the letter of Messrs. Fink and Nasse, showing the sickness of Franz, his inability to leave home, and enclosing a memorandum in regard to the case.  Also the letter of Franz himself to Gordon, showing that he is sick, and thinks he will be able to be present by Saturday or Monday following the default day, which was Thursday.

The court refused the motion to set aside the default, and at a later day during the term, allowed the complainant to introduce his proof, and a decree of foreclosure was entered.

A motion to set aside a default is addressed to the sound discretion of the court, and ordinarily will not be reviewed by the appellate court.   However, the Supreme Court of this State has held in a number of cases that it will reverse the ruling of

the court below where there seems to have been an abuse of that discretion, and where to permit the judgment to stand, would or might be unjust or oppressive if the party has shown reasonable diligence to prevent the default, or to be ready. In the case of Moore et al. v. Bracken, 27 Ill. 23, the court says: " In chancery, all matters, whether of discretion or positive law, are subject to review in a superior court. The same is held in Bowman v. Bowman, 64 Ill. 75. In Brown v. Brown, 59 Ill. 315. In the Union Hyde and Leather Co. v. Woodley, 75 Ill. 435, and in a number of other cases. So that we take it to be the settled doctrine in chancery, " that the superior court will review matters of discretion as well as positive law" in the court below. And having determined that question, it is only necessary for this court to consider whether from all the facts and circumstances as shown in the record, such a case is made as authorized or required the court below to have allowed appellants further time to answer, or that the default should have been set aside. The defendants were required to " except, plead or answer" on the return day of the summons, * * * or within such further time as may be granted by the court." Underwood's Statute, Chap. 22, Sec. 16. The next section provides in substance that if the defendant shall appear at the next term and offer to file his answer to the bill, the court will permit him do so, cause being shown, and the costs of the preceding term being paid. It appears that there is a standing rule in the Randolph Circuit Court, requiring defendants in chancery to except, plead, demur or answer by the 4th day of the term. That on the fourth day of the term, appellants' counsel notified the soicitors for appellee that their answer was not complete; a default was urged and granted; the court while entering the default saying, that a motion to set aside the default would be considered, if meritorious.

The answer of appellants filed at the time when the motion was considered, is imperfect, but quite as good as the bill or the record. The answer and affidavits in support of it show a meritorious defense, and that appellants had used all reasonable diligence to be ready and in preparing the defense. They were fairly entitled to a hearing. A large amount of valuable prop-

erty was involved. The appellants did not ask to continue or delay the trial of the cause to another term. They proposed to try the case during that term, and the record shows that appellee did not introduce his evidence at the time of taking the default, but was allowed to do so at a later day in the term, at which time appellants if they had been allowed a standing in court might have been prepared for trial. A careful examination of appellee's bill as it appears in the record, indicates a desire to prevent any investigation as to the honesty and good faith of the indebtedness therein described. The answer filed charges that the notes and mortgage described were fraudulent and void as to creditors, and that they had been declared fraudulent by a court of competent jurisdiction after hearing upon the facts. It is impossible to see that any honest claim would have been injured by allowing the motion to set aside the default. By refusing the motion a great wrong may have been perpetrated, and a positive fraud concocted, for the purpose of swindling honest and *bona fide* creditors protected. The defence shown by the answer if true, was undoubtedly meritorious, and entitled defendants to a hearing. The appellants were entitled to their day in court, and we think that the court below in the exercise of a sound discretion should have allowed the motion to set aside the default and given appellants a reasonable time to answer the bill. Therefore the judgment of the Circuit Court is reversed and this cause remanded, with instructions to set aside the default and allow appellants to file their answer.

Reversed and remanded.