ELIZABETH SHILLINGER, Plaintiff in Error, *v.* GEORGE JACOB SHILLINGER, Defendant in Error.

ERROR TO MORGAN.

A court has no authority to decree a divorce on a bill taken for confessed, without proof to sustain its allegations.

The court may, under the statute, examine witnesses orally in court, or it may, under its general chancery powers, refer the cause to a master to take proofs, or depositions in writing may be used; but in some way, the facts to justify granting the divorce must be proven to the court.

The evidence on which the court acts may not be preserved in the record; but it will be sufficient, if the record shows that the court heard evidence, and found the allegations of the bill to be true; but if the whole evidence on which the court acted, is set out in the record, and it is insufficient to warrant a decree, the decree will be reversed.

The general statement of a master, that he finds the allegations of the bill proven substantially, and that the facts proven are sufficient to authorize a divorce, will be regarded as the master's conclusion drawn from the facts which he states to have been proven, but cannot be considered as a statement of the proof of any new fact.

THE opinion of the court contains a full statement of the facts of the case.

The report of the master states that he has examined the evidence as touching the truth of the allegations set forth in the complainant's bill, and that he found the following facts proven. 1. That the parties were married in Philadelphia, in 1843. 2. That said Shillinger, complainant, came to the State of Illinois in 1846, for the purpose of searching out a home for himself and family, by and with the consent of the wife, and that she should, when her husband should send her money to bear her expenses, come out to him in his home in the West, whereever it might be, and that he then came to this State, and has since sent her money to bear her expenses, and requested her to come to him at his home in Morgan county, in this State. 3. That the wife has, at various times, received money from her husband, and been requested to come out to him in Illinois since his arrival here, but that she has refused to come as requested. 4. That the brother of complainant came to Illinois in the year 1851, and that at the time or just before he left Philadelphia, he called on the wife, at the request of her husband, and requested her to come out with him to her husband, but she refused to do so. 5. That the husband, when he left Philadelphia, left all his personal effects with his wife. 6. That the wife has lived ever since 1848, and now lives, in Philadelphia. 7. That the complainant has lived in Illinois since some time in 1848, and continues to live in this State at this time. 8. That complainant was a kind and affectionate husband. 9. That it was agreed between the husband and wife, at the time the husband left Philadelphia, that the wife should come out to him, to the West, in company with the brother of the husband, when the husband should write to her to come, and should furnish means to enable her to do so; and that the brother called, and requested her to come with him to her husband, but that she absolutely refused to come. 10. That at the time the brother called, and requested the wife to come with him to her husband, the brother had the money to bear her expenses, furnished to him by the husband for that purpose. 11. That the said Elizabeth, the wife, was informed by the brother, when he called to request her to come to Illinois with him, that he had money in his possession, furnished by her husband for her benefit, but she still refused to come; that he found the allegations of the bill of complaint substantially proven in the above cause, and that he thinks the facts proven are sufficient to entitle the complainant to the divorce prayed for in the bill. All of which the master submitted to the court.

The decree states, that the matter was referred to a special master, to take the proofs as to the truth of the allegations of

the bill, and report to the court the facts proved, as also his opinion whether the complainant is entitled thereupon to a divorce. Whereupon the said master, having discharged this trust, presented his report, which is approved, and ordered to be filed, and made a part of the record; and it appearing to the court from said report, that said defendant has for more than two years last past abandoned the bed and board of the complainant, without any good and sufficient cause therefor, and that the allegations of the bill are true, and that complainant is entitled to a divorce, &c., it is now ordered, &c.

The decree was entered by WOODSON, Judge, at March term, 1852, of the Morgan Circuit Court.

S. W. ROBBINS, for plaintiff in error.

W. H. HERNDON and D. CAMPBELL, for defendant in error, cited 2 Blackf. 407; 3 Paige, 305; 2 Strobh. Eq. 324; 9 Porter (Alabama), 80.

TRUMBULL, J. George Jacob Shillinger filed a bill for a divorce from his wife, Elizabeth, in the circuit court of Morgan county, to the March term, 1852, alleging, in substance, that he was married to the said Elizabeth, in the city of Philadelphia, in the year 1843, and that they lived together as husband and wife till 1848, when it was. agreed between them that she should remain in Philadelphia with her relations, while he was to come west and seek a place for their future abode, when she, with the brother of complainant and his family, were to come and join the complainant in their newly selected home; that the complainant left with the said Elizabeth his personal effects, and sufficient means for her support, came to Illinois, and settled in Cass county, in October, 1848; that he immediately informed his wife of his location, and requested her to join him; that he had sent her money, and requested her to come to Illinois, but that she had refused, and expressed a determination never to live with him again; that in August, 1851, the brother of complainant, being then about to remove to Illinois, called on the said Elizabeth, and endeavored to persuade her to accompany him and join her husband, but she utterly refused to do so, and expressed her determination as fixed never to live with him again; charging that the said Elizabeth, since the latter part of the fall of 1848, has wilfully absented herself from the complainant, without any reasonable cause whatever, and praying for a divorce.

Notice of the pendency of the suit was given by publication,

13 *

and the summons issued was returned "not served;" the bill was thereupon taken for confessed, and the cause referred to a "special master, to take the proofs as to the truth of the allegations of the bill, and report to the court the facts proved, as also his opinion, whether the complainant was entitled thereupon to a divorce." The master made a report, setting forth the facts proven, and expressing the opinion, that the complainant was entitled to a divorce, whereupon a decree was entered, which recites, that "it appearing to the court from said report, that said defendant has, for more than two years last past, abandoned the bed and board of the complainant, without any good and sufficient cause therefor," &c. The decree then goes on to dissolve the marriage relation subsisting between the parties.

The defendant brings the case to this court, and assigns for error the granting of the decree of divorce.

The statute declares, that in all cases for a divorce, "if the bill or petition shall be taken for confessed, the court may proceed to a hearing of the cause, by examination of witnesses in open court." R. S. ch. 33, § 5. From this provision of the statute, it is clear that a court has no authority to decree a divorce on a bill being taken for confessed, without proof to sustain its allegations; and, in this respect, a proceeding for divorce differs from an ordinary suit in chancery; for in the latter case, it is discretionary with the court, when a bill is taken for confessed, to hear testimony or not, in its support. The court may, under the statute, examine witnesses orally in court, or it may, under its general chancery powers, refer the cause to a master, as in this instance, to take the proofs, and report the facts, or they may be proven by depositions in writing; but in some way, the facts to justify granting the divorce must be proven to the court; and it would be erroneous to grant the decree, on taking the bill for confessed, without any evidence. It is not necessary that the evidence upon which the court acts should be preserved in the record; but it will be sufficient, if the record show that the court heard evidence, and found the allegations of the bill to be true; if, however, as in this case, the whole evidence on which the court acted is set out in the record, and it is insufficient to have warranted the decree, it will be reversed.

The decree in this case professes to be based on the master's report as to facts, and that report is made part of the record. On looking into it, it is found to be essentially defective in the evidence of those facts which would have warranted the decree.

The most material defect in the report is the failure to show that the defendant ever refused to come and join the complain-

ant, or was ever applied to by him to do so, till the application was made by his brother, about the time of his starting for the West, in 1851, and shortly before the filing of this bill. By the complainant's own showing in his bill, the defendant was to come to the West with his brother, who, as the master's report shows, did not come till in 1851 ; and although the master states generally in his report, that it was proven that the said defendant was to come to her husband whenever he sent her money to bear her expenses to the West, and that money was sent and she requested to come; yet he states no time when the money was sent or such request was made, except when it was made by the brother, as before stated. The master, after setting forth what was proven before him, under eleven distinct heads, states generally, in conclusion, that " he finds the allegations of the bill of complainant substantially proven," and that he " thinks the facts proven are sufficient to entitle the complainant to a divorce."

This general statement at the close of the report, is manifestly the master's conclusion drawn from the facts which he had before stated to have been proven, and cannot be considered as a statement of the proof of any new fact.

It is admitted, that it was by the husband's consent that the wife remained in Philadelphia when he came to the West; and she cannot be considered as having unreasonably deserted or absented herself from him, till he gave her an opportunity to join him, and she refused to do so, or to live with him again; and such absence must then have been continued for two years, to have entitled the complainant to a divorce, under the statute, for that cause.

The master's report, so far from showing a refusal by the defendant to join her husband for the space of two years, fails to show any such refusal till in 1851, and a few months before the bill was filed.

Decree reversed, and cause remanded.

*Decree reversed.*