NANCY R. THATCHER, Plaintiff in Error, *v.* WESLEY THATCHER, Defendant in Error.

### ERROR TO JEFFERSON.

On application for a divorce, if the jury find the allegations of the bill true, except that the plaintiff had been a dutiful wife, it entitles her *prima facie* to a decree.

In such a case, if the court thinks the finding wrong, it should set aside the verdict and order a new trial, or, perhaps, reform the verdict and enter a decree contrary to it.

The verdict of a jury in such a case, where the evidence is not preserved in the record, shows that the proof sustained the allegations in the bill, and the court must so consider.

In a case for divorce, where a bill is dismissed, it is erroneous to enter a judgment against the wife for costs.

THIS cause was heard before BAUGH, Judge, and a jury, at September term, 1854.

The opinion of the court furnishes all the facts necessary to a full understanding of the case.

R. S. NELSON and H. JOHNSON, for Plaintiff in Error.

R. F. WINGATE, for Defendant in Error.

CATON, J. This was a bill for a divorce, filed under our statute by the wife against the husband, charging acts of extreme and repeated cruelty. There was a trial by jury and a verdict returned finding all the allegations of the bill sustained, except the allegation that she was a dutiful wife, whereupon the court dismissed the bill at the complainant's cost. This verdict was substantially a verdict for the complainant and *prima facie* entitled her to a decree. If the court thought from the evidence that the finding should have been the other way, it should have set the verdict aside and ordered another trial, or perhaps—under the decision in the case of *Garrett* v. *Stevenson*, 3 Gilman, which was under the mechanics' lien law, with principles similar, as to the right of trial by jury, with our statute of divorces—the court might, in view of the evidence, reform the verdict or enter up a decree contrary to the verdict, yet such decree must be sustained by the evidence contained in the record, as much at least as any other decree in chancery. *Prima facie*, at least, the verdict shows that the proofs sustained the allegations of the bill, and as this is all that the record does show as to what the proof was or what facts were proved on

trial, we must treat it as evidence of the facts. Were the proofs which were given at the hearing embodied in the record, from which we could see that the verdict was clearly wrong, and the allegations of the bill not sustained, we might sanction the decree which was entered or order another trial. It has been several times decided by the court, even under the late statute allowing oral proofs to be heard at the hearing in chancery suits, that the evidence upon which a decree is entered must be embodied in the record. Unlike actions at law, the evidence in a chancery suit constitutes a part of the record, except there be a verdict of a jury, or the report of a master finding the facts, in which case such verdict or report presents in the record the facts established instead of the evidence heard to establish the facts. In this case the record does not show sufficient to sustain the decree. But even if there were sufficient in the record to sustain the dismissal of the bill, that portion of the decree requiring the complainant to pay costs was erroneous. The court by its decree continued her under the disabilities of a *feme covert*, but subjected her to the liabilities of a *feme sole*. This portion of the decree against her was inconsistent with the position in which she was required to continue.

The decree must be reversed and the suit remanded.

*Decree reversed.*