## JAMES JOLLIFF
### v.
## ISABEL JOLLIFF.

1. ALIMONY — its allowance discretionary. The allowance of alimony is a matter of discretion with the court, to be exercised in view of all the circumstances of the case.

2. SAME — of the mode of allowance. It seems not to be essential to the validity of a decree for alimony that a specific sum should be allowed.

3. So, upon granting a divorce at the suit of the wife, the court decreed that she should "hold her present homestead as alimony, with the right to rent the same until the youngest child becomes of age, and, also, all the personal property in her possession." Held that there was no error in the assignment of the alimony.

4. Limiting it to the full age of the youngest child, if an error, is one of which the wife might complain, but certainly not the husband, as she might live beyond that time.

5. SAME — of the homestead. There was, too, a peculiar propriety in so limiting the homestead, as by the statute it is such until the youngest child arrives at the age of twenty-one years.

WRIT OF ERROR to the Circuit Court of Washington county; the Hon. SILAS L. BRYAN, Judge, presiding.

Isabel Jolliff exhibited her bill in chancery in the court below, against her husband, James Jolliff, praying a divorce and alimony. The defendant failing to answer, the bill was taken as confessed, and a decree entered granting the divorce, and providing that the complainant should "have and hold her present homestead as alimony, with the right to rent the same until the youngest child becomes of age, and, also, all the personal property in her possession."

The defendant brings the case to this court upon writ of error, insisting the decree is erroneous in allowing the complainant the homestead, with the right to rent the same until the youngest child should become of age, without decreeing a specific sum as alimony.

Mr. W. STOKER, for the plaintiff in error.

Messrs. GOODENOW and O'MELVENEY, for the defendant in error.

Mr. JUSTICE BREESE delivered the opinion of the Court:

It is unnecessary to go into an elaborate examination of this record, inasmuch as the principles applicable to the case have been often referred to by this court. *Shillinger* v. *Shillinger*, 14 Ill. 147; *Stewartson* v. *Stewartson*, 15 ib. 145; *Wheeler* v. *Wheeler*, 18 ib. 39; *Foote* v. *Foote*, 22 ib. 425. In this last case the doctrine is fully examined, and the conclusion reached from all the authorities there cited, both English and American, was, that the allowance of alimony was discretionary with the court, to be exercised in view of all the circumstances. We cannot say the Circuit Court erred in assigning alimony in this case. Limiting it to the full age of the youngest child, if an error, is one of which the defendant in error might complain, but, certainly, not the plaintiff, as she may live beyond that time. There is, too, a peculiar propriety in so limiting the homestead, as, by the statute, it is such until the youngest child arrives at the age of twenty-one. We are not disposed to disturb the decree for any reason urged by the plaintiff in error, but affirm the same in all its parts.

*Decree affirmed.*