WILMERTH HAWES

*v.*

ABRAHAM HAWES.

1. PLEADING IN CHANCERY — *in suit for divorce.* A bill in chancery for a divorce, alleged the adultery, on account of which the relief was sought, to have been committed in 1860, in the county of Vermillion, and at sundry times since, with one Leseure. *Held,* that so far as the venue was concerned it was sufficiently definite. The time might have been more specific, but it was enough that it was alleged that it was before the commencement of the suit.

2. AMENDMENT OF OFFICER'S RETURN — *after error assigned.* The original return of service upon a summons in chancery, bore date prior to the date of the writ. The defendant sued out a writ of error, and a transcript of the record was filed in

the Supreme Court, upon which it was assigned for error that the summons was not served after it was issued. Subsequently to the service of the process in the cause, from the Supreme Court, the defendant in error applied to the court below for leave to the sheriff to amend his return, so as to show the true date of the service, which was subsequent to the date of the writ. The amendment was allowed, and was made to appear to the Supreme Court by a supplemental record. *Held*, that the amendment obviated the error alleged in that regard.

3. PRACTICE IN CHANCERY — *preserving the testimony in the record.* It is not necessary in a proceeding for a divorce, when the bill is taken for confessed, that the oral proof or evidence on which the court acted, should be preserved in the record. It is sufficient that the record shows that proof was heard, sustaining the allegations of the bill.

WRIT OF ERROR to the Circuit Court of Vermillion county; the Hon. O. L. DAVIS, Judge, presiding.

In August, 1861, Abraham M. C. Hawes exhibited his bill in chancery in the court below, against Wilmerth Hawes, his wife, for a divorce. The ground upon which relief was sought, was the alleged adultery of the defendant.

The bill was entitled at the commencement, as follows:

"STATE OF ILLINOIS,  ⎱
VERMILLION COUNTY.  ⎰  Vermillion Circuit Court, Nov. Term, 1861.

After setting out the marriage of the parties, it was alleged in the bill, "That on the    day of    , 1860, at the county aforesaid, and at sundry times since, the said Wilmerth did commit adultery with one Augustus Leseure." And a prayer for divorce.

The service of the original summons not being regular, an *alias* summons was sued out on the 22d day of January, 1862, and was returned with an indorsement of service on the 4th day of January, 1862.

In May, 1862, the defendant not appearing, the bill was taken as confessed, and a decree entered, reciting that service of the summons had been had on the 4th day of January, 1862; and that "the cause being now submitted to the court upon said bill of complaint and oral proof, the said court doth find," among other things, "that the said respondent was guilty of adultery in manner and form as charged in said bill;" and it was decreed that the divorce be granted.

The defendant thereupon sued out this writ of error, and on the 7th day of November, 1862, a transcript of the record was filed in the Supreme Court, upon which it was assigned for error, among other things, that the writ was dated January 22d, 1862, and was not served upon the defendant below after that date, but said writ was served January 4th, 1862. The *scire facias* was served upon the defendant in error on the 10th of November, 1862. Subsequently, on the 13th day of the same month, the defendant in error, the complainant below, applied to the Circuit Court for leave to the sheriff so to amend his return upon the summons, as to show the true time of its service. The amendment was allowed to be made, which showed the true time of service to be the 4th day of *February*, 1862, instead of the 4th day of January, as originally indorsed. This amendment was brought to the knowledge of the Supreme Court by a supplemental record.

The other questions arising under the assignment of errors, are, whether the bill was sufficiently explicit in its allegations as to the place and time of the commission of the offense charged against the defendant; and whether, according to the practice in chancery, in order to support the decree, it was necessary that the oral testimony introduced on the hearing should be preserved in the record.

Messrs. MOORE & GREENE, for the appellant.

Mr. L. WELDON, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

The errors assigned on this record are that the bill is too vague and indefinite; that the writ appears to have been served before the date of its issue, and that the court passed the decree without hearing proof, and because the evidence, if any was taken, is not preserved in the record.

The bill was in chancery for a divorce, and alleges the adultery to have been committed in 1860, in the county of Vermillion, and at sundry times since, with one Augustus Leseure. So far

as the venue is concerned, that is sufficiently definite. In an indictment for murder it would be only necessary to allege that the felonious act was done in the county. The time might have been more specific, but it is alleged that it was before the commencement of the suit.

The supplemental record shows that the date of the return of the summons should have been February 4th, and not January 4th, and it was so amended by the sheriff who served it.

The record shows that the bill was taken for confessed, and the cause submitted on the bill and "oral proof," and the court finds the facts, as charged, to be true.

We have repeatedly decided that it is not necessary in a proceeding for a divorce, when the bill is taken for confessed, that the oral proof or evidence on which the court acted should be preserved in the record; it is sufficient that the record shows proof was heard sustaining the allegations of the bill. *Shillinger* v. *Shillinger*, 14 Ill. 147; *Davis* v. *Davis*, 30 id. 180.

There being no errors apparent to us in this record, the decree must be affirmed.

*Decree affirmed.*