### Carl A. Schmid v. Caroline Schmid.

1. DECREES—*To be Sustained by the Record.*—A decree in chancery can only be sustained in cases where the bill is not taken for confessed, where the record shows facts proved sufficient to support it either by evidence preserved or by a master's report or recital in such decree of facts proved on the hearing.

2. SAME—*In Divorce Cases—Exceptions.*—Where the parties to a suit for divorce submitted the trial of the issues made by the bill and answer

to the court, and the court, after hearing the evidence, found "the issues for the complainant from the evidence," and so entered the fact in the decree, *it was held* that such a finding, without any other finding of facts or evidence preserved in the record, was sufficient.

Mr. Justice Cartwright, dissenting.

**Divorce and Alimony.**—Error to the Circuit Court of Rock Island County; the Hon. J. J. Glenn, Judge, presiding. Heard in this court at the December term, 1894. Decree for divorce affirmed, for alimony modified. Opinion filed August 2, 1895.

Searle & Weld, attorneys for plaintiff in error.

Marion E. Sweeney, attorney for defendant in error.

Mr. Justice Lacey delivered the opinion of the Court.

In 1890 defendant in error filed her bill against plaintiff in error for a divorce on the ground of extreme cruelty. The bill was answered and the charges of cruelty denied. Replication having been filed, the issue was submitted to the court for trial. The court, having heard the evidence of the respective parties, found the allegations of the bill to be true and entered a decree of divorce. It was further decreed that complainant should have the custody of three minor children, and that defendant should convey to her their homestead in Rock Island and deliver to her certain personal property, and should pay $300 for her solicitor's fees, and $25 per month as alimony until the further order of the court. Defendant conveyed the homestead, delivered the personal property, paid the solicitor's fees and paid the monthly alimony for some time. He afterward entered his motion to be relieved from the payment of alimony. The motion was denied in May, 1891, and in 1892 a further motion for a modification of the decree was made, but does not seem to have been acted upon. In January, 1894, defendant having fallen behind about $350 in payment of the monthly allowance, filed a petition to be relieved from the payment of the arrears and from future installments. The petition was heard, and the parties having agreed that in case the court should find complainant

entitled to alimony, it should be allowed in gross instead of installments as before, the court ordered the payment by defendant of $800 in gross in full of alimony accrued and to accrue. The bill, answer and replication having been lost, were, by leave of court, restored, and the record is brought here for the purpose of having the entire proceedings reviewed.

The objection made to the original decree is that it is not sustained by any evidence preserved in the record or by a finding of facts contained in the decree. No evidence was preserved, and the only finding in the decree is as follows: "The court having heard the evidence offered by the respective parties, and the arguments of counsel, find the allegations of said bill to be true." It is settled that a decree in chancery can only be sustained in cases where the bill is not taken for confessed, when the record show sfacts proved sufficient to support it, either by evidence preserved, or by master's report, or recital in such decree of facts proved on the hearing. White v. Morrison, 11 Ill. 361; Bennet v. Whitman, 22 Ill. 449; James v. Bushnel, 28 Ill. 158; McIntosh v. Saunders, 68 Ill. 128; Marvin v. Collins, 98 Ill. 510.

In divorce cases the practice and proceedings are required to be the same as in other cases in chancery except as otherwise provided by the divorce act. See Sec. 6, Chap. 40, R. S.

In cases where the defendant appears and denies in the complainant's bill for divorce, either party "shall have the right of trial by jury." Sec. 7, Ibid.

By Sec. 8, same chapter, it is provided that "in no case of default shall the court grant a divorce." Evidence must be heard touching the charges in open court the same as though no default had been taken.

Now it has been decided in numerous cases, that in case of default it will be sufficient if the record shows that the court heard the evidence and found the allegations of the bill to be true. Shelberger v. Shelberger, 14 Ill. 150; Davis v. Davis, 30 Ill. 184; Hawes v. Hawes, 33 Ill. 286; Thatcher v. Thatcher, 17 Ill. 66.

In case a trial is had by a jury, no other evidence need be preserved in the record to support decree of divorce, than the verdict of a jury, finding the issues for complainant. Thatcher v. Thatcher, 17 Ill. 66.

The parties in this case submitted the trial of the issues made by the bill and answer to the court, and the court, after hearing the evidence, found the issues for complainant from the evidence, and so entered the fact in its decree. Whatever may be decided in ordinary chancery cases as to such a finding by the court in a decree without other finding of facts, and without any evidence preserved in the record, we think in divorce cases it is sufficient.

The court takes the place of the jury and the finding is as broad and particular as is required by a jury. The court is certainly as capable of knowing what the evidence is as a jury, and of judging whether the allegations are proven, and its recital that the allegations of the bill were proven ought to be as reliable as the verdict of a jury. As to the question of any more specific finding being required in ordinary chancery cases we need not decide, and can not with certainty, as the Supreme Court in this State has never definitely decided it.

In analogy to the holding of the Supreme Court in cases of default as above shown in divorce cases we think that the formal finding of the court that it "having heard the evidence offered by the respective parties and the arguments of counsel find the allegations of the bill to be true," ought to be and is sufficient. No stricter rule should be held, and public policy in this class of cases requires that decrees in divorce of long standing, as in this case, should not be lightly overturned and annulled on mere technicalities. This divorce decree has stood since 1890, and respondent has paid alimony under it and never questioned it until now, when he asks it to be overturned on the grounds above stated. We are of opinion that the finding of the court in its decree was sufficient to sustain it, and rely especially on the long established rule of the Supreme Court as laid down in the above cases, as applicable to this

case where there was an answer. We can see no difference in principle. Therefore, the decree of divorce rendered by the court below will be affirmed.

But in view of the very liberal alimony awarded in the former decree we think the allowance of $800 is too much and that $350 is enough, which is the amount of the arrearages, and the decree of alimony of the court below is reduced to the sum of $350 in gross, and it is affirmed for that amount, and it is decreed the plaintiff in error pay the costs of this suit in this court. Decree of divorce affirmed and modified as to the alimony.

MR. JUSTICE CARTWRIGHT, dissenting.

In Marvin v. Collins, 98 Ill. 510, the court said: "Appellee has preserved no evidence in the record, and according to the practice in courts of equity, as announced in many cases in this court, the party in whose favor the decree granting relief is rendered, to maintain it must preserve the evidence, or the decree must find specific facts that were proved on the hearing." In the decree in this case there was no finding of any fact, but only a reference to the bill, which amounted to no more than saying that the bill was sustained by the proof. It might well be presumed in every case where a decree for complainant is entered that the court found the allegations of the bill to be true, and it would scarcely be necessary to say so in the decree. As I understand it the facts must be recited, where the evidence is not otherwise preserved, so that it may be seen whether the facts proved sustain the allegations of the bill. And counsel for defendant in error has not claimed that the finding in this decree is such as will sustain it, but his only contention on that question is that this court should presume that there was a certificate of evidence which has been lost, since it appears that the pleadings were lost and restored by copies.

Nor do I think that the recital can be regarded in the light of a verdict. The statute does not provide for trial by jury except in cases where that form of trial shall be de-

manded. Divorce cases are to be tried by the court the same as other chancery cases unless the privilege conferred by the statute is claimed and a jury trial asked for. No waiver of a jury is necessary, and it can not be said that the chancellor sits in the place of a jury. The comparative ability of judges and juries to understand evidence and decide whether the allegations of a bill are proved does not affect the question.

So far as the solicitor's fee of $300 is concerned, there is neither finding nor evidence to sustain the allowance, and the rule is that the evidence on that question must be preserved. Goodwillie v. Milliman, 56 Ill. 523; Albright v. Smith, 68 Ill. 181; Spring v. Collector, 78 Ill. 101.

Upon these questions I can not agree with the majority of the court.