### William H. Temple v. Anna H. Temple.

#### Gen. No. 13,123.

DECREE—*when findings of, sufficient to support.* A decree in chancery entered in a cause in which there were no depositions, no master's report and no certificate of evidence, is sufficiently sustained by its recitals where it finds that the cause was heard upon bill, answer, replication and proofs taken and that "the allegations and each and all of them in the bill contained are true as stated therein," etc.

SMITH, J., dissenting.

Separate maintenance. Error to the Circuit Court of Cook county; the Hon. JOHN L. HEALY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1906. Affirmed. Opinion filed May 28, 1907.

JOHN J. BEILMAN, for plaintiff in error.

BERNHARDT J. FRANK, for defendant in error; L. M. ACKLEY, of counsel.

MR. JUSTICE BAKER delivered the opinion of the court.

In a suit in equity brought by a wife against her husband for separate maintenance there was a decree in favor of the wife, to reverse which the defendant prosecutes this writ of error. The defendant answered the bill admitting the marriage and cohabitation, and denying all the other allegations of the bill, to which answer a replication was filed.

There is in the record no deposition, master's report or certificate of evidence. The decree recites that the cause was heard upon bill, answer, replication and the proofs taken in the cause, and contains only the following finding: "The court doth find that the allegations and each and all of them in the bill contained are true, as therein stated, and that the equities of this cause are with the complainant."

The sole ground of reversal urged is, that the finding above set forth is not sufficient to sustain the decree.

The statute permitting oral evidence to be heard in chancery was first enacted in 1849. Since that time the Supreme Court has repeatedly held that to sustain an affirmative decree in chancery on appeal, or writ of error, where there is in the record neither depositions nor master's report, there must be either a certificate of evidence or the decree must contain a finding of facts sufficient to sustain it.

It was said in Standish v. Musgrove, 223 Ill. 500, 504, that in the absence of any evidence in the record, "the decree must specifically find the facts that were proved on the hearing. This is the reverse of the rule at law. Ryan v. Sanford, 133 Ill. 291; Marvin v. Collins, 98 *id.* 510, 511." In Standish v. Musgrove there was no finding of facts. In Ryan v. Sanford the bill was dismissed for want of equity and the complainant appealed. There were in the record certain depositions, and the question was, whether such depositions made a case which entitled complainant to the relief prayed in his bill, and it was held, that they did not.

In Marvin v. Collins, the decree found certain specific facts only, and the question was, whether the facts so found were sufficient to sustain the decree, and it was held that they were not.

In none of the cases above referred to was the question presented whether a finding that all of the allegations of the bill are true, was a sufficient finding of facts to sustain a decree. So far as we are advised, that question has not been presented to the Supreme Court.

The language of an opinion is to be construed with reference to the facts and the questions presented in the case in which such language is used.

In Adamski v. Wieczorek, 93 Ill. App. 357, it was held that such finding was insufficient and the decree was reversed. The only case cited in the opinion in support of the ruling was Glos v. Beckman, 183 Ill. 158. In that case there was a certificate of evidence, certifying that it contained all the evidence heard upon the hearing of the case, and the decree was reversed be-

cause there was no evidence tending to prove a material fact.

In Schmid v. Schmid, 60 Ill. App. 174, such finding was held sufficient, and the decree was affirmed, Mr. Justice Cartwright dissenting. The only case cited in the dissenting opinion was Marvin v. Collins, *supra,* in which, as has been said, there was a specific finding of facts and the question now before us was not presented.

Section 18 of the present Chancery Act was section 19 of the Chancery Act in the R. S. of 1845, and under that section, in an ordinary chancery case, where the bill is taken as confessed, neither certificate of evidence nor finding of facts is necessary to sustain the decree on error or appeal, for it cannot be assigned for error that the averments were not proved. Manchester v. McKee, 4 Gil. 510; Farnsworth v. Strasler, 12 Ill. 482.

Since 1845, the statutes of this state have contained the following provision in relation to divorce cases: "If the bill is taken as confessed, the court shall proceed to hear the cause by the examination of witnesses in open court,. and in no case of default shall the court grant a divorce unless the judge is satisfied that the cause of divorce has been fully proved by reliable witnesses." R. S. 1845, 197, sec. 5; R. S. 1874, chap. 40, sec. 8.

This act permitted oral testimony in divorce cases where the bill was taken as confessed. The Act of 1849 permitted oral testimony in all chancery cases. Under the Divorce Act, a court is not authorized to decree a divorce unless evidence is heard, "and the cause of divorce fully proved."

In Hawes v. Hawes, 33 Ill. 286, which was a writ of error by the wife to reverse a decree granting a divorce to her husband, Mr. Justice Breese said: "The record shows that the bill was taken for confessed and the cause submitted on bill and 'oral proof,' and the court finds the facts as charged to be true. We have repeatedly decided that it is not necessary in a proceeding for a divorce, when the bill was taken for confessed, that the oral proof or evidence on which the court acted

should be presented in the record; it is sufficient that the record shows proof was heard sustaining the allegations of the bill. Shillinger v. Shillinger, 14 Ill. 147; Davis v. Davis, 30 *id.* 180,'' and the decree was affirmed.

We are unable to perceive the grounds upon which it can be held that a decree of divorce can be sustained on error or appeal where the bill is taken as confessed, and the decree recites that proofs were heard and contains a finding that all the allegations of the bill were proved, and that a like decree, or other affirmative decree, cannot be sustained when there was an answer and replication and the decree contains the same recital and finding.

The bill is a part of the record. The decree in this case refers to the bill as containing the allegations which the decree finds are true as stated in the bill. The bill thus referred to became, upon general principles, a part of the decree for every purpose of construction.

In Badger v. Daenicke, 56 Wis. 678, which was a mechanic's lien case, Mr. Justice Lyon said, p. 680: ''It is claimed that the finding that all the allegations of the complaint are true is insufficient. We think otherwise. Such a finding is but an application of the maxim, '*certum est quod certum reddi potest.*' It is impossible that any party to an action can be prejudiced by the use of this form of finding.''

We have, with some hesitation, in view of the language used in some of the opinions of the Supreme Court, reached the conclusion that the finding in this decree is sufficient to sustain the decree, and it will therefore be affirmed.

*Affirmed.*

Mr. Justice Smith dissenting.