(No. 12987.—Decree affirmed.)
EMILIA RYBAKOWICZ, Appellee, *vs.* STANISLAW RYBAKOWICZ, Appellant.

*Opinion filed December 17, 1919.*

1. PRACTICE—*when the appellant must preserve the evidence.* Since the passage of the act allowing oral testimony in chancery cases a recital of the ultimate facts in a decree is regarded as sufficient to sustain it, and in a supplemental proceeding to settle property rights of divorced persons, if the decree recites ultimate facts sufficient to sustain it, the appellant, if he desires to show that the findings of fact were not justified by the evidence, must preserve the evidence by a certificate.

2. SAME—*when leave to file supplemental cross-bill is properly denied.* In a supplemental proceeding to settle property rights after a divorce has been granted on the husband's cross-bill, leave to him to file a supplemental cross-bill is properly denied where it merely alleges that he had paid for the property from his earnings

while he was living with his wife and that though the legal title was in the wife the property belonged to him, as the facts alleged, if true, would merely raise the presumption of law that the purchase was intended as a gift.

3. DIVORCE—*wife should not be deprived of her own property though divorce is for her fault.* The fact that a divorce is granted for the fault of the wife does not' warrant depriving her of her own property, and in settling the property rights of the parties it is not inequitable for the court to require the husband to give up possession of property found to be owned by the wife in fee simple and to order that his rights of homestead and dower be barred therein and that he execute a quit-claim deed to her.

4. SAME—*wife may be entitled to alimony though divorce is for her fault.* While, as a general rule, a wife is not entitled to alimony where a divorce is granted to the husband for her fault, yet a court of equity has power to award alimony in such case if the circumstances of the case justify such action.

APPEAL from the Superior Court of Cook county; the Hon. DENIS E. SULLIVAN, Judge, presiding.

THOMAS E. SWANSON, and RUSH B. JOHNSON, for appellant.

WILLIAM SLACK, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court: ·

By her bill of complaint in the superior court of Cook county the appellee, Emilia Rybakowicz, charged her husband, the appellant, Stanislaw Rybakowicz, with extreme and repeated cruelty and habitual drunkenness for a space of more than two years and prayed for a divorce and the custody of their three children. The appellant answered the bill denying her charges and filed his cross-bill charging her with habitual drunkenness for the space of five years, alleging that she was not a fit person to have the care, custody and control of their children and praying for a divorce. The cross-bill was answered by the appellee with a denial of the charges against her. The cause was heard by the

chancellor and a decree was entered finding that the appellant was not guilty of the charges against him; that the appellee had been an habitual drunkard for five years; that there were three children of the marriage: Cassie, a girl seventeen years of age, Jennie, a girl ten years of age, and Marion, a boy seven years of age; that the appellee had been in the habit of sending the daughter Cassie to a wholesale liquor house on Milwaukee avenue for whisky and gin three or four times each week; that on various occasions the appellee had engaged in drunken carousals in the home with other women and men and had visited saloons and returned home in a drunken state at one or two o'clock in the morning, and that she was not a fit person to have the care or custody of the children or to rear and educate them. The appellee's bill was dismissed for want of equity and a divorce was granted to the appellant on his cross-bill, and it was ordered that he should have the care, custody and education of the children. · The court retained jurisdiction to determine the question of alimony and property rights, and with that decree the parties were content.

In appellee's bill she alleged that she was the owner in fee simple of two lots in Chicago improved by a brick and stone two-story building containing two flats or apartments, one of which was occupied by her tenants and the other by herself and family; that the premises were incumbered by a mortgage for $2300, and that she derived a rental of $18 per month from her tenants, which was not sufficient to cover the interest on the mortgage, the taxes, water taxes, repairs and up-keep. She prayed that she might be decreed to hold the real estate free and clear of the homestead estate, dower interest or other right, title or interest of the appellant. The court having retained jurisdiction to determine the question of alimony and property rights, the appellant moved for leave to file a supplemental cross-bill, but the chancellor denied the motion and upon a hearing entered a decree finding that the appellee was the owner in

fee simple of the lots in question, which were worth $4500; that they were subject to a mortgage of $2579, including accrued interest; that the general taxes for the year 1918 were due and unpaid; that the premises had been sold for the general taxes of 1917 and the sum necessary to redeem from the sale was $171; that the appellee and appellant occupied one flat or apartment until about the middle of June, 1917, when the appellee left or was forced to leave the premises and the appellant remained in possession; that the reasonable rental for the apartment occupied by appellant, including the use of the garage or barn in the rear, up to the day of the decree was $550; that there was personal property, consisting of household furniture jointly owned by the parties and reasonably worth $300, which was in the possession of the appellant; that it was equitable and just that the appellant should retain the household furniture free and clear of any claim of the appellee; that the appellee had no money or other property, real or personal, than said premises and no other means of support; that the appellant was reasonably worth $5000, and that it was just and equitable that the estate of homestead and the right of dower of the appellant in the premises should be cut off, barred and divested. Therefore the court decreed that all the rights and interests of the appellant in the premises, whether of dower, homestead estate or other interest, should be barred, divested and cut off and the appellee should hold the premises in her own right in fee simple, free from any claim of the appellant, who was ordered to execute a quit-claim deed to the premises, and in case of his failure to execute the same a master in chancery should execute such quit-claim deed. From this supplemental decree this appeal was prosecuted.

There is no presumption that evidence sufficient to sustain a decree in chancery not appearing in the record was heard, and in order to support such a decree the specific facts proved on the hearing must be found in the decree

or preserved by a certificate of evidence. (*Marvin* v. *Collins,* 98 Ill. 510; *Village of Harlem* v. *Suburban Railroad Co.* 202 id. 301; *Berg* v. *Berg,* 223 id. 209; *Trustees of Grays Lake and Warren M. E. Church* v. *Metcalf,* 245 id. 54.) While this rule did not apply to the divorce case, where a jury trial was a matter of right, it applied to the hearing by the chancellor and the supplemental decree adjusting property rights, and it is contended that the supplemental decree cannot be sustained for a failure to comply with that rule. The evidence was not preserved, but since the passage of the act allowing oral testimony in chancery cases it has been the settled practice to permit a recital of the ultimate facts proved in the decree, and if that is done the evidence need not be otherwise preserved. (*Cooley* v. *Scarlett,* 38 Ill. 316; *Walker* v. *Carey,* 53 id. 470; *Gorman* v. *Mullins,* 172 id. 349.) The above recital of facts found in the decree was a sufficient compliance with the rule, and if the appellant questioned such findings of fact and desired to show that they were not justified by the evidence, the settled practice required him to preserve the evidence by a certificate.

The supplemental cross-bill which the appellant asked leave to file, alleged that the title to the property in question at the time of his answer and cross-bill apparently was in Peter Stermer, but since that time, as a result of litigation, an apparent conveyance of the property by the appellee and appellant to Stermer had been set aside and a decree entered finding that as between Stermer and appellee she was the holder of the legal title to the property. As ground for relief appellant alleged that he purchased the property and paid for it, subject to the mortgage, out of his earnings and took title in the name of the appellee; that he paid $200 on the mortgage and then occupied the premises with his three minor children as a home, and that the legal title was in the name of the appellee but the property equitably belonged to him. He prayed that upon a hear-

ing the appellee should be required to convey the property to him and his homestead and other rights should be adjusted. The supplemental cross-bill alleged the existence of matters long prior to the answer or cross-bill of the appellant, and there was no allegation of any matter having arisen or come to his knowledge since the time of filing his answer to the bill in which the appellee claimed title and prayed to have her title confirmed, but a fatal objection to the supplemental cross-bill was that it did not show any ground for relief. The fact alleged was that the appellant paid for the property from his earnings while he was living with his wife. In such a case the law presumes that the purchase was intended as a gift to the wife. (*Fizette* v. *Fizette*, 146 Ill. 328; *Lewis* v. *McGrath*, 191 id. 401.) No fact was alleged to rebut or overcome such a presumption, and the court did not err in refusing leave to file the supplemental cross-bill.

The general rule is, that where a decree of divorce is granted to a husband because of the misconduct of his wife she will not be entitled to alimony. (*Spitler* v. *Spitler*, 108 Ill. 120.) A court of equity, however, has power to award alimony to the wife, under proper circumstances, even though the decree of divorce be given to the husband for the fault of the wife. (*Deenis* v. *Deenis*, 79 Ill. 74.) In this case the chancellor, in fact, did not give alimony to the appellee but found that the household furniture jointly owned by the parties should be retained by the appellant. The reason for the recital in the decree that the rental value of the premises while occupied by the appellant was $550 is problematical, since the court made no decree for the payment of such rent. The premises at that time were occupied by the appellant as a homestead with the minor children, and he was not liable for rent nor required to pay rent. All that was, in fact, done was to divest the appellant of his right of occupancy of the premises owned by the appellee under his homestead right and his inchoate right

of dower. Manifestly, after the divorce the parties could not occupy the premises together, and it was not inequitable or improper to exclude the appellant from the possession and divest him of his homestead and dower rights. The fact that the appellee had been guilty of such conduct as justified a divorce would not require that she should be turned out of her property and substantially deprived of it by giving the appellant possession, which would be imposing a penalty not contemplated by the law.

The decree is affirmed.

*Decree affirmed.*