**Ruth J. Neely, Defendant in Error, v. Edward R. Neely, Plaintiff in Error.**

**Gen. No. 26,261.**

1. DIVORCE—*when finding in decree as to cruelty is insufficient to sustain decree.* There seems to have been some doubt whether the rule in equity that a party in whose favor a decree is entered must preserve in the record the evidence justifying the decree, and that a general finding that all the material allegations of the bill are true and proven and that the equities are with complainant, is not sufficient to support the decree, applied to divorce proceedings since such proceedings are to a great extent statutory and the parties may have a trial by jury; but upon a careful consideration

of the authorities the court held that where the evidence was not preserved, the finding in the decree for divorce in question that "defendant has been guilty of extreme and repeated cruelty since said marriage, as alleged in complainant's bill of complaint," was wholly insufficient to sustain the decree, there having been no jury.

2. DIVORCE—*when finding in decree as to desertion is sufficient to sustain decree.* Where a divorce decree found that subsequent to the intermarriage of the parties the defendant wilfully deserted and absented himself from complainant with no reasonable cause for the space of two years immediately prior to the filing of the bill of complaint, and defendant claimed that, because it appeared that complainant was compelled to leave defendant by reason of his alleged acts of cruelty, this constituted constructive desertion by defendant, and therefore the decree should have found the specific acts of cruelty, *held* that, although the finding as to cruelty was insufficient to sustain the decree on that ground, the finding on the question of desertion was sufficient.

3. DIVORCE—*when allegations as to residence of complainant are sufficient.* Where an original divorce bill, filed August 20, 1919, alleged complainant's residence in Chicago, Cook county, Illinois, for upwards of one year prior to filing the bill, and the amended bill filed September 30, 1919, alleged that residence upwards of one year before filing that bill, and the decree recited that the bill came on for hearing upon the amended bill, etc., all parties being represented and that complainant was an actual resident of the State of Illinois and had been such for more than one year prior to the commencement of the suit, the allegations as to residence were sufficient to invest the trial court with jurisdiction, although such allegations were somewhat ambiguous.

4. DIVORCE—*when finding in decree as to residence of complainant is sufficient.* A finding in a divorce decree that complainant was a resident of the State of Illinois was sufficient without naming the county, where the original and amended bills alleged that complainant was a resident of Chicago, Cook county, Illinois, and defendant in his answer admitted that complainant was a resident of that city.

5. DIVORCE—*when decree not subject to reversal on ground of failure to dispose of cross-bill.* A divorce decree was not subject to reversal on the ground that it failed to dispose of defendant's cross-bill, where such decree recited that the case came on for hearing on the pleadings, including the cross-bill, and it was apparent that the court heard the issues raised by the cross-bill, and as the decree in favor of complainant and against the defendant, in substance, disposed of the cross-bill.

Error to the Superior Court of Cook county; the Hon. CHARLES

A. McDONALD, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1920. Affirmed. Opinion filed December 21, 1921.

MONTGOMERY, HART & SMITH, for plaintiff in error; IRVING HERRIOTT, of counsel.

CHARLES S. DOUGHERTY, for defendant in error.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

On August 20, 1919, Ruth J. Neely filed a bill for divorce against her husband, Edward R. Neely, on the ground of extreme and repeated cruelty. September 5, he answered the bill denying that he was guilty of the cruelty charged in the bill, and the same day filed a cross-bill in which he charged the complainant with wilful desertion and prayed for a divorce on that ground. On September 30, by leave of court, complainant filed an amended bill for divorce on two grounds, viz.: (1) extreme and repeated cruelty, and (2) wilful desertion. October 3 following, the defendant filed an answer in which he made a general denial of the charges against him. October 20, by leave of court, he filed an amended answer wherein he denied the charges in detail. Complainant answered the cross-bill, and filed a replication to defendant's answer to the amended bill. The cause came on for hearing on the amended bill and cross-bill and after the hearing the court found for the complainant on the two grounds alleged in her amended bill. The marriage was dissolved and the complainant was awarded alimony and the custody of their two children. February 18, 1920, the complainant filed a petition asking for a rule on defendant to show cause why he should not be punished for contempt for failure to pay the alimony. Two days afterwards, the defendant having failed to appear to answer the petition, he

was found in contempt and a writ of attachment was ordered. Defendant afterwards answered. The matter was continued from time to time and the writ of attachment appears to have been quashed. April 14, complainant filed another petition endeavoring to enforce payment of the alimony awarded. The defendant answered the petition. The matter was continued from time to time and on April 30 an order was entered committing the defendant to the common jail of Cook county for a period not to exceed six months, or until he paid the alimony then amounting to $235. On July 1 following, this writ of error was sued out.

Defendant contends that since there is no evidence in the record the finding in the decree that "defendant has been guilty of extreme and repeated cruelty since said marriage, as alleged in complainant's bill of complaint," is insufficient to sustain the decree on that ground. It is a general rule in chancery that a party in whose favor a decree is entered must preserve, in the record, the evidence justifying the decree, as in such case no presumption will be indulged that evidence sufficient to sustain the decree was heard, where such evidence does not appear in the record. And in such case a general finding that all the material allegations of the bill are true and proved and that the equities of the case are with the complainant is not sufficient to sustain such a decree. No evidence being preserved in the record, there must be specific findings of fact in the decree. *Ohman v. Ohman*, 233 Ill. 632. From a careful consideration of the authorities, there seems to have been some doubt whether this rule applied to divorce proceedings since such proceedings are, to a great extent, statutory and the parties may have a trial by jury. *Berg v. Berg*, 223 Ill. 209; *Rybakowicz v. Rybakowicz*, 290 Ill. 550; *Shillinger v. Shillinger*, 14 Ill. 147; *Davis v. Davis*, 30 Ill. 180; *Hawes v. Hawes*, 33 Ill. 286; *Schmid v. Schmid*, 60 Ill. App. 174; *Temple v. Temple*, 134 Ill. App. 131; *Bonnell v. Lewis*, 3 Ill. App. 286.

In the *Berg* case the husband filed a suit for divorce against his wife on the ground of desertion and extreme and repeated cruelty. She answered denying the charges and afterwards filed a cross-bill for separate maintenance charging her husband with extreme and repeated cruelty. The matter was submitted to a jury. They found the issues in favor of the wife on her cross-bill and also in her favor on the charges of desertion and cruelty made against her in the original bill. The court entered a decree on the verdict dismissing the original bill and granting relief under the cross-bill for separate maintenance. A writ of error was prosecuted to the Appellate Court where the decree was affirmed. Another writ was sued out of the Supreme Court. All of the evidence was not preserved in a bill of exceptions nor were the facts specifically set out in the decree except that the defendant was living separate and apart from her husband without her fault. It was contended that inasmuch as the evidence upon which the decree was based was not preserved in any of the ways known to equity practice the decree should be reversed and that the verdict of the jury did not aid the decree since it was merely advisory. The court then stated that the general practice in chancery cases required the party who was granted affirmative relief in a decree to preserve the evidence, or else the decree must find specific facts that were proven on the hearing and that this duty devolved upon the party obtaining relief; that if this were not done, the decree would be reversed. Continuing, the court said (p. 211): "Some exceptions, however, to this general rule are found. In cases where the parties are entitled to a trial by jury the rule is different, and the evidence does not have to be thus preserved. This has been held to be true in cases of divorce, and formerly in cases of mechanics' liens, the presumption in such cases being in favor of the verdict until it is successfully impeached in some mode pro-

vided by law. * * * *Thatcher v. Thatcher,* 17 Ill. 66.''
The court then held that under section 7 of the chapter
on divorce (Cahill's Ill. St. ch. 40, ¶ 8), which provides
that where the defendant denies the charges made in a
bill for divorce, either party shall have the right to a
jury trial, such jury trial is a matter of right and not
merely optional with the court.   The court there fur-
ther held on the divorce issue raised on complainant's
bill the parties were entitled to a jury trial but that
on the bill for separate maintenance there was no such
right; that the verdict in the former case was binding
but as to the latter it was merely advisory.   The de-
cree based on the verdict of the jury in the divorce
suit was affirmed and that part of the decree based
on the cross-bill was reversed on the ground of in-
sufficient evidence.   In the *Rybakowicz* case a bill for
divorce was filed.   The defendant filed a cross-bill, the
matter was heard before the chancellor and a decree
of divorce entered.   The court retained jurisdiction
of the parties for the purpose of settling the property
rights.   Afterwards a supplemental decree was entered
on this phase of the case and one of the parties being
dissatisfied prosecuted an appeal to the Supreme Court.
Mr. Justice Cartwright in delivering the opinion of
the court said (p. 553): ''There is no presumption
that evidence sufficient to sustain a decree in chancery
not appearing in the record was heard, and in order
to support such a decree the specific facts proved on
the hearing must be found in the decree or preserved
by a certificate of evidence.   (Citing cases.)   While
this rule did not apply to the divorce case, where a
jury trial was a matter of right, it applied to the hear-
ing by the chancellor and the supplemental decree ad-
justing property rights, and it is contended that the
supplemental decree cannot be sustained for a failure
to comply with that rule.   The evidence was not pre-
served, but since the passage of the act allowing oral
testimony in chancery cases, it has been the settled

practice to permit a recital of the ultimate facts proved in the decree, and if that is done the evidence need not be otherwise preserved." In the *Shillinger* case, which was a divorce suit, the court said (p. 150): "It is not necessary that the evidence upon which the court acts should be preserved in the record; but it will be sufficient, if the record shows that the court heard evidence, and found the allegations of the bill to be true." In the *Hawes* case the court said (p. 289): "We have repeatedly decided that it is not necessary in a proceeding for a divorce, when the bill is taken for confessed, that the oral proof or evidence on which the court acted should be preserved in the record; it is sufficient that the record shows proof was heard sustaining the allegations of the bill." Citing the *Shillinger* and *Davis* cases. In the *Schmid* case there was a careful review of the authorities and it was held that where a divorce suit was heard by the chancellor and a decree entered reciting that evidence had been heard and the issues were found in favor of the complainant, this was sufficient without finding the facts or preserving the evidence in the record. Mr. Justice Cartwright there dissented. In *Bonnell v. Lewis*, which, however, was not a divorce suit, the court, in considering whether the findings in the decree were sufficient, reviewed the authorities. At page 286 it is said: "It is not necessary to preserve in the record of a divorce suit the proofs heard by the court on a decree *pro confesso*." Citing the *Shillinger* case.

From the foregoing authorities and others which we have examined, it appears that there is some doubt whether the general chancery practice, which requires the preservation of the evidence or the finding of specific facts in the decree, applies to divorce proceedings where the parties may have a jury trial. But there are numerous decisions by this court and our Supreme Court applying the general chancery rule to divorce cases, but the point under consideration has

not been expressly discussed.   Some of these cases are *Ohman v. Ohman, supra; Trenchard v. Trenchard,* 245 Ill. 313; *Rang v. Rang,* 211 Ill. App. 385.   In the *Ohman* case the evidence was not preserved and it was held that the finding of the decree that "the allegations in said bill of complaint are true, as therein stated, and the equities of this case are with the complainant" was insufficient to sustain the decree.   In the *Trenchard* case, which was a suit for divorce, the recital in the decree that the defendant had been " 'guilty of extreme and repeated cruelty as charged in complainant's bill' is wholly insufficient as a finding of facts, under the allegations of the bill, to sustain the decree."   Upon a careful consideration of the authorities, we are constrained to hold that where the evidence is not preserved in the record and there is no verdict of a jury the general rule in chancery cases applies.   And in the case at bar, since the evidence is not in the record and since there was no jury, the finding in the decree that the defendant was guilty of extreme and repeated cruelty as charged in the bill was wholly insufficient to sustain the decree.

On the question of the charge of desertion, the finding of the decree is: "The court further finds that subsequent to the intermarriage of the parties hereto the defendant has wilfully deserted and absented himself from the complainant with no reasonable cause for the space of over two years immediately prior to the filing of the bill of complaint in this cause."   It seems to be conceded, as indeed we think it must, that this finding would, in some cases, be sufficiently specific to sustain a decree.   But counsel for defendant argues that it is insufficient in the instant case because it appears from the bill of complaint that complainant was compelled to leave defendant by reason of defendant's alleged acts of cruelty; that this constitutes constructive desertion on the part of defendant, and, therefore, the finding in the decree on the question of

desertion should find the specific acts of cruelty. We think the argument is unsound. The finding in the decree on the charge of cruelty is wholly insufficient, not on the presumption that the court did not hear sufficient evidence to warrant the finding, but on the rule of practice announced in the cases cited requiring that the evidence be preserved or that specific findings be made in the decree. In other words, the rule is that where evidence is not preserved in the record a general finding in the decree that the allegations of the bill are proved is not sufficient to sustain the decree because it will not be presumed that sufficient evidence was heard. But such finding is not held insufficient on the presumption that the court did not hear sufficient evidence. In the instant case, we are of the opinion that the finding in the decree on the question of desertion is sufficiently specific. *Rybakowicz v. Rybakowicz, supra.*

It is further argued that complainant, by filing what she designated an amended bill, abandoned the original bill and that the allegations of the amended bill in reference to complainant's residence are insufficient to invest the trial court with jurisdiction. The original bill was filed August 20, 1919, and alleged that complainant was and had been an actual resident of the City of Chicago, County of Cook and State of Illinois for upwards of one year last past immediately preceding the filing of the bill. The so-called amended bill was filed September 30, 1919, and the allegation there is that complainant "is now and has been for upwards of one year last past immediately preceding the filing of this bill of complaint, an actual resident of the City of Chicago, County of Cook and State of Illinois." The decree recites that the cause came on for hearing on the amended bill, the amended answer, replication thereto, defendant's cross-bill and upon the

testimony of witnesses given in open court, all the parties being represented. The court found that the complainant was an actual resident of the State of Illinois and had been such for "more than one year prior to the commencement of this suit," and further found the defendant guilty of wilful desertion "for a space of over two years immediately prior to the filing of the bill of complaint in this cause." While there is some ambiguity in the allegations of the amended bill, we think, upon a consideration of the entire record, that it sufficiently appears that the complainant alleged and the decree found that she was and had been a resident of Illinois for more than one year immediately prior to the filing of the suit. This is sufficient.

Further objection is made that the decree is insufficient because it finds that complainant is a resident of the State of Illinois but does not find that she is a resident of Cook county. In the original and so-called amended bill the averment was that complainant was a resident of the City of Chicago, County of Cook and State of Illinois, and defendant in his answer to the amended bill admits that complainant is a resident of the City of Chicago. This is sufficient. *Lyons v. Lyons*, 272 Ill. 329. Nor do we think the point made by the defendant that the decree should be reversed because it fails to dispose of defendant's cross-bill is tenable. It recites that the case came on for hearing on the pleadings including the cross-bill. Counsel for defendant in their brief say: "It is apparent, therefore, that defendant in error's amended bill and plaintiff in error's cross-bill were heard and considered by the court. Under these circumstances the decree should have disposed of the issues raised by the cross-bill." We entirely agree with counsel's contention that the proper procedure would be to dismiss the cross-bill, but we think that this error is not substantial for it is apparent, as counsel say, that the court heard the

issues raised by the cross-bill. Since the decree was in favor of the complainant and against the defendant, it in substance disposes of the cross-bill against him.

In these circumstances we feel that we would not be justified in disturbing the decree.

The decree of the superior court of Cook county is affirmed.

*Affirmed.*

THOMSON and TAYLOR, JJ., concur.